## RAILWAY COMPANY *v.* ROBERTS.

### Opinion delivered June 18, 1892.

| 56 | 387 |
| 57 | 23 |
| 56 | 387 |
| 60 | 411 |
| 56 | 387 |
| 61 | 154 |
| 56 | 387 |
| 63 | 182 |
| 63 | 186 |

1. *Railway—Negligent killing—Sufficiency of evidence.*

In an action against a railway company for damages for a negligent killing, a finding of the jury that defendant was guilty of negligence is sustained by evidence that defendant's trainmen carelessly permitted steam to escape from its engine, whereby a team driven along the highway became frightened and ran away, and deceased was thrown out of his wagon and killed by defendant's engine at a crossing on defendant's track.

2. *Negligence—Proximate cause.*

Where all the evidence showed that the proximate cause of the death was the frightening of the team, it was error to direct a verdict for plaintiff if the jury found that the injury to his intestate was caused by defendant's negligence either in blowing off steam or in failing to keep the crossing in repair.

Appeal from Clay Circuit Court, Western District. J. E. RIDDICK, Judge.

This was a suit of W. J. Roberts, as administrator, for the benefit of the estate of Daniel Roberts, who was alleged to have been killed by the negligence of defendant's trainmen.

Briefly, the facts were as follows: On October 4, 1888, Roberts and Lewis started from the town of Corning, going north. They were driving a two-mule team. For some 600 yards the public road ran sixty-five or

seventy feet west of defendant's track and parallel with it. Then it crossed the track. After deceased and his companion had driven about 200 yards north, a north bound train, going twenty-five or thirty miles an hour, came in sight. As it approached, the team became frightened and began to run. There was evidence from which the jury might have inferred that the mules were frightened by escape of steam; that, although the train-men saw the team was frightened, they continued to blow their whistle and to permit the steam to escape from the time the mules took fright until the accident occurred, and that no effort was made to check the speed of the train. The driver lost all control of the mules; they ran on until they reached the crossing, when they turned and attempted to cross the track just in front of the approaching engine. The wagon crossed with slight injury, but Roberts was jolted out on the track. As he fell upon the ground, he was instantly struck by the pilot beam of the engine, and was so badly injured that he died immediately. There was testimony that the crossing was defective; also that a wagon could have been driven over it safely at an ordinary rate of speed.

The defendant requested the court to instruct the jury as follows: "6. If the jury find from the evidence that the engineer of defendant's train was, at the time of the accident, on the lookout, and saw the deceased just before and as he started across the track, and immediately used every effort in his power and control to check his train, but failed because of the nearness of his engine to the deceased, the court instructs you that there was no negligence on the part of the defendant, and you will find for the defendant."

The court modified the instruction asked by adding: "Unless you find that the accident and injury was. directly caused by the engineer negligently blowing off

steam or by the negligence of defendant in not keeping the crossing in repair."

The jury returned a verdict for plaintiff in the sum of $1000.

*Dodge & Johnson* for appellant.

1. Neither the frightening of the team nor the defective track was the proximate cause of the accident, but running the engine over him after the deceased fell upon the track, which could not be avoided. · 139 U. S. 237 ; 10 Wall. 176 ; 20 Pa. St. 171 ; 13 Gray, 481 ; 115 Mass. 304 ; 30 Iowa, 176.

2. The railroad cannot be held responsible for sounding its whistle in accordance with law. Mansf. Dig. sec. 5478 ; 53 Ark. 203 ; 16 Atl. Rep. 235 ; 114 Mass. 351. See also 14 S. W. Rep. 1067 ; 12 *id.* 953 ; 46 Ark. 523 ; 69 Me. 208 ; 98 N. C. 247.

3. The court erred in its charge to the jury, 16 S. W. Rep. 169 ; 49 Ark. 264.

4. Also in refusing to declare the law as asked by defendant. 125 Mass. 91 ; *ib.* 93 ; 52 Tex. 587 ; 18 Iowa, 280, 380 ; 36 Iowa, 462.

*F. G. Taylor* for appellee.

1. The proximate cause of the injury was the combined effect of negligently frightening the team, a defective crossing and negligence in running over deceased. 53 Ark. 201 ; 9 S. W. Rep. 577. The team was frightened by escaping steam, which is negligence. Wood, Railway Law, sec. 324.

2. If the defective condition of the crossing caused the accident, the railroad company is liable. 52 Ark. 368.

3. The verdict is amply sustained by the evidence, and there was no prejudicial error in the instructions.

MANSFIELD, J. Whether the injury complained of resulted from negligence on the part of the defendant was, under the circumstances of the case, a question for the jury. The evidence is sufficient to sustain their find-

1. Negligence a question of fact.

ing, and the damages recovered do not appear to us to be excessive. *Penn. R. Co.* v. *Barnett*, 59 Pa. St. 259; *Phila. etc. R. Co.* v. *Killips*, 88 Pa. St. 405; *Railway* v. *Hall*, 53 Ark. 7.

2. What is proximate cause of killing.

The court's second, third, eleventh and thirteenth instructions were correct; and we discover no objection to the twelfth that is not merely formal. The fourth and fifth instructions, and so much of that given by the court upon its own motion and numbered six as related to the road-crossing, were misleading. But the error in these three instructions was probably rendered harmless by the last clause of the sixth. If there was error in any part of the tenth instruction, it was not unfavorable to the defendant. And so far as the instructions refused were proper, they are covered substantially by the court's charge. But, in giving the sixth instruction requested by the defendant with the change made by the court, an error was committed which we cannot treat as otherwise than prejudicial to the defendant. The effect of that instruction was to direct a verdict for the plaintiff if the jury found that the injury to his intestate was caused by the defendant's negligence either in blowing off steam or in failing to keep the crossing in repair. It made the defendant's liability the same in either case; and the plaintiff was thus allowed to recover if the jury found there was negligence as to the crossing, although they were unable to find that there was any whatever in frightening the team. But all the evidence shows that the proximate cause of the injury was the frightening of the team. *Billman* v. *Railway Co.* 76 Ind. 166. If that was due to the company's negligence, it was liable for all the consequences resulting directly from it; otherwise it was liable for none of them. The deceased was not injured in driving or attempting to drive over the crossing. He was carried there involuntarily by the frightened team, and the defendant was not responsible

for his being there if its negligence was not the cause of the fright to the team. The question as to the company's liability would not be changed if it were shown that the condition of the crossing was perfect, and that the deceased would have been carried safely over it but for a defect in the wagon. The condition of the crossing was not, therefore, material to the issue. And yet the instruction in question permitted the jury to make it decisive of the cause.

For this error the judgment must be reversed, and a new trial directed.