RAILWAY COMPANY *v.* REXROAD.

Opinion delivered May 26, 1894.

1. *Husband and wife—Competency as witnesses for and against each other.*

In an action by a husband as next friend for the sole benefit of an infant child, his wife is a competent witness, as he is merely the manager or conductor of the suit; and the fact that he is liable for costs does not disqualify her, under Mansf. Dig. sec. 2859, providing that husband and wife shall be incompetent to testify for or against each other.

2. *Carrier—Duty to infant in parent's custody.*

Where a child of tender years is in the custody of a parent upon a train, the carrier has a right to rely upon the presumption that the parent will take proper care of it. But when the trainmen discover that the child is in a situation exposed to danger, the carrier has no right to rely upon such a presumption, nor will the negligence of the parent be imputed to the child for the purpose of relieving the carrier of liability to the child for damages on account of its failure to discharge its duties.

Appeal from White Circuit Court.

GRANT GREEN, JR., Judge.

STATEMENT BY THE COURT.

Sadie Rexroad, a minor about seven years old, brought this action by her next friend, George W. Rexroad, against the St. Louis, Iron Mountain & Southern Railway Company, to recover damages caused by personal injuries. She alleged in her complaint that on the 20th of July, 1891, while a passenger on a train

of defendant, she went to the water cooler in the car in which she was riding to get a drink of water; that while in the act of drawing the water from the cooler, one of the defendant's servants negligently opened the door of the car near where she was standing, and the speed of the car was suddenly checked, and she fell forword, and threw one of her hands against the door-facing to keep from falling, when the servant negligently closed the door with a sudden pull, and caught her hand, crushing and bruising it with the door so that two fingers had to be amputated, to her great damage. The defendant, answering, admitted that the plaintiff was injured on its train by having her fingers crushed by a door of the car, but denied that it was caused by the negligence of its servants.

In the trial of the cause the wife of George W. Rexroad, who was the mother of Sadie, was introduced as a witness in behalf of the plaintiff; and the defendant objected to her testifying, because her husband was the next friend by whom Sadie sued. The court overruled the objection, and permitted the wife to testify, and the defendant excepted. She testified that she was on the train when Sadie was injured by the closing of the door, in company with her two children, Sadie, a little girl about seven years old, and a boy three years of age. The little boy had been asleep, and woke up, and wanted water. The little girl proposed to get it for him. All the doors of the car being closed, and the conductor passing at the time, she thought it safe to permit her daughter to go with him to the water cooler, which was in the same car, on the right-hand side of the door. She did so, and the little girl followed him up the aisle, being in touching distance of him as they went up. As they reached the last seat she passed him to the water cooler, just as he took hold of the door to open it. No station was announced. Witness, although listening,

heard no whistle. The conductor was opening the door; the little girl was at the cooler, in the proper place to get the water, but had not taken up the cup. At this time the train suddenly stopped; the little girl fell forward, and threw one hand against the door-facing to prevent her falling; and about the same time the conductor closed the door with a sudden pull, and caught two of her fingers between the door and facing, crushing them and making amputation necessary.

The conductor, in behalf of the defendant, testified that the whistle of the train on which the plaintiff was riding at the time she was injured was blown before stopping; that he did not see the little girl; that she did not pass him in going to the water cooler; that the train stopped as usual, without any jerking or jolting; and that, ordinarily, when a passenger train stops, a person standing up in it will go forward. The engineer testified that the train was stopped in the usual way, and there was no jolting or jarring.

Other evidence was adduced by both parties, but it is not necessary to set it out in this opinion.

The following instructions were given, at the request of the plaintiff, over the objections of the defendant:

"The jury are instructed that it is the duty of a carrier of passengers to exercise the utmost care, skill and vigilance to protect passengers from danger, so far as can be reasonably seen and prevented in operating their trains.

"The jury are instructed that if they believe from the evidence that the plaintiff, Sadie Rexroad, while traveling in the cars of the defendant company as a passenger, was injured, and that just before the injury occurred the said plaintiff was standing at or near the water cooler in said car, at or near the door of said car, and that the conductor at this time passed out of the door, and saw the plaintiff at the water cooler, or by rea-

sonable diligence might have seen her, and knew that the train was going to stop, it was his duty to close the door, if at all, with care and caution; and if he closed the door negligently or carelessly, thereby causing the injury, the defendant would be liable, unless the plaintiff was guilty of contributory negligence."

The defendant requested the court to give certain other instructions, and the court refused to give them as asked, but gave them in a modified form, over the objections of the defendant. The objections to the modifications are presented by the instructions given at the instance of the plaintiff.

Plaintiff recovered a judgment for $500; and the defendant, after filing a motion for a new trial, which was denied, appealed.

*Dodge & Johnson* for appellant.

1. The verdict is contrary to the facts in evidence. It was an unavoidable accident, which no human foresight could have guarded against. Sh. & Redf. on Negligence, secs. 280, 281; Ray on Negl. of Imposed Duties, p. 133. See also 53 Mich. 274; *Ib.* 212; 51 *id.* 236; 95 Pa. 287; 70 Pa. 86; 97 *id.* 72; 85 *id.* 293. The mere fact of an injury happening is not evidence of negligence. 11 C. B. (N. S.) 588; 28 L. J. (N. S.) Exch. 3; L. R. 4 Q. B. 698; L. R. 2 C. P. 10; 65 Md. 438; 3 Cent. Rep. 856; 10 Chicago L. J. 261.

2. The testimony of Mrs. Rexroad was incompetent, she being the wife of the plaintiff, who was interested in the suit, by reason of having become responsible for the costs. Mansf. Dig. sec. 2859. par. 4 and sec. 4956; 31 Ark. 688; 33 *id.* 210; *Ib.* 259; *Ib.* 817; 34 *id.* 673; 54 *id.* 159; 12 Allen, 107; 46 Maine, 249; 34 Vt. 457; 20 Miss. 161; 28 Tex. 268; 7 Ind. 690; 3 Dana (Ky.), 79; 41 N. H. 139, 452; 24 Vt. 649; 31 *id.* 509;

Greenleaf, Ev. sec. 347; 3 East, 7; 20 Johns. 142; 3 Rich. 354; 26 Mass. 131.

*J. W. House* for appellee.

1. The question of negligence was submitted to the jury on proper instructions, there is evidence to support their verdict, and their finding is conclusive. 51 Ark. 467; 19 *id*. 118; 17 *id*. 331; 46 *id*. 524.

2. *Interest* is no disqualification to testify under sec. 2, schedule, constitution of 1874. A wife is excluded only on grounds of *public policy*. Her husband is not a party to this suit, nor a beneficiary. The mere fact that he *may* become responsible for costs does not render his wife incompetent. 16 Vt. 676; 37 Vt. 260; 40 La. An. 663–4; 34 Ill. App. 649; 44 Kas. 526–7.

3. The instructions are the law. If the conductor saw the child, or in the exercise of reasonable care could have seen it, at the time of the accident, then, in the operating or managing the train, he was bound to use the utmost care to see that the child was not injured by his fault in slamming the door. 51 Ark. 467; 40 *id*. 298; 34 *id*. 613.

BATTLE, J. (after stating the facts.)

*First.* Was the wife a competent witness?

1. Wife's competency as witness.

The statute provides that the husband and wife shall be incompetent to testify "for or against each other." Did she testify for him? This action was brought for the sole benefit of the infant. She was the real party in interest. The husband did not sue, but the infant by him as next friend. He was merely the manager and conductor of the suit for the minor. The court could remove him at pleasure, and substitute another person for him. Mansfield's Digest, sec. 4955. Mrs. Rexroad did not testify for him, but for her child. *Bonett* v. *Stowell*, 37 Vt. 260; *Lapleine* v. *Rd. Company*, 40 La. An. 663; *Van Fleet* v. *Stout*, 44 Kas. 526; *Belk*

v. *Cooper*, 34 Ill. App. 649. The fact he was liable for costs did not disqualify her. *Bonett* v. *Stowell*, 37 Vt. *supra*. She was a competent witness.

*Second.* Were the instructions properly given?

In *Railway Co.* v. *Murray*, 55 Ark. 254, we said: 2. Duty of carrier to infant in parent's custody. "Railroad companies, in the carriage of passengers, are required to use the utmost care and foresight, and are held responsible for the slightest negligence. The first and most important duty incumbent on them is to provide for the safety of their passengers. To this end they are required to provide all things necessary to their security reasonably consistent with their business and appropriate to the means of conveyance employed by them, and to exercise the highest degree of practicable care, diligence and skill in the operation of their trains."

As to the cars and machinery furnished for the carriage of passengers, the fitness of the road-bed, the competency and faithfulness of the servants, and mechanical appliances used to insure safety, the railroad carrier is bound to use the highest reasonable skill and diligence, because the passenger in that respect must rely solely on the carrier, and can do nothing to insure his personal safety. As to the dangers which a passenger of ordinary prudence would foresee and avoid, no duty is imposed on the carrier. In such cases the carrier has the right to rely on human experience, and presume that the passenger will act upon the principles of common sense, and the motive of self-preservation common to mankind, and avoid the danger. The carrier is not bound to anticipate what a reasonable and prudent person, under the circumstances in which it is placed, guided by a reasonable estimate of probabilities, would not have foreseen. In the case of children of tender years, in the care of their parents, upon a train, it would have a right to rely and act on the presumption that the parents would take such care of them as the natural love of a prudent

father or mother would prompt them to exercise, under such circumstances. But when its employees operating the trains see that they are or will be exposed, or, seeing them, and exercising reasonable care and diligence, ought to know that they are or will be exposed to danger or injury by the acts or neglects of its servants, it has no right to act upon such a presumption, but it is its duty to use all reasonable and practicable care and diligence to avoid the danger and avert the injury. In such cases the negligence of the parent cannot be imputed to the infant child as contributory negligence for the purpose of relieving the carrier of liability to the child for damages on account of its failure to discharge its duties. *Winter* v. *Kansas City Cable R. Co.* 6 Lawyer's Reports Annotated, 536, and notes; *Wymore* v. *Mahaska County,* *ib.* 545, and notes; Beach on Contributory Negligence (2d ed.), secs. 116, 131, and cases cited.

In the instructions given in this case at the instance of the plaintiff, the court told the jury that if the conductor, in passing out of the car in which plaintiff was riding, might. by the exercise of reasonable diligence, have seen her while standing at the water cooler, near the door, and, knowing that the train was about to stop, closed the door negligently or carelessly, and thereby injured her, the defendant would be liable for damages. According to this instruction, the conductor had no right to rely on the mother taking care of her child, but was bound to use reasonable diligence in seeing that she was not exposed to danger at the time she was injured. This was error, for the reason indicated.

Reversed and remanded for a new trial.