## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* DENTY.

### Opinion delivered November 7, 1896.

ACCIDENT AT RAILROAD CROSSING—PROXIMATE CAUSE.—Where a railway accident was occasioned by the fact that the plaintiff, a child of four years, standing within a few feet of a railway crossing, suddenly broke away from her grandmother, and attempted to cross the track ahead of a train rapidly approaching, it is error to instruct the jury that they should find for the plaintiff if they believe that the injury was caused by the failure of the trainmen to give the signals required at crossings.

RAILROAD COMPANY—SPEED OF TRAIN.—It is not negligence for a railway company to run its regular passenger train on schedule time past a way station at the rate of thirty miles an hour, its usual speed, where the track near the station is straight, so that the train could be seen some distance away.

SAME—NEGLIGENCE—FAILURE TO KEEP LOOKOUT.—A railway company cannot be said, as matter of law, to be free from negligence where its fireman neglected to keep a lookout on his side of the track at a village crossing, and plaintiff, a small child, while standing near the track, broke away from its grandmother and ran nearly across the track before being struck by the approaching train.

Appeal from Hot Springs Circuit Court.

ALEXANDER M. DUFFIE, Judge.

### STATEMENT BY THE COURT.

Imogene Denty, an infant four years of age, was struck and injured by a train upon appellant's railway. This action was brought to recover damages for her injury. The accident occurred at a station called Donaldson, an unincorporated village, having three stores and a planing mill, and where several families lived. The little girl, Imogene, with her grandmother, Mrs. Riley, were walking east towards the railway track, intending to pass the same at a public crossing in said village. A passenger train,—the "cannon ball,"—was at the same time approaching from the south, and about to pass the station without stopping. The train gave a long whistle for the station and four short blasts for the crossing.

There was conflict in the testimony as to whether the bell was rung or not. Mrs. Riley had a sunbonnet on her head, and she did not at once see or hear the train. She held Imogene by the hand, and walked on until she came to the side track, about ten feet from the main track upon which the train was approaching. She then noticed the train, and stopped, standing upon or near the side track, far enough away from the main track to be out of danger from the train. At this time Imogene suddenly broke loose from her, and attempted to run across the track in front of the train. She had got nearly across the track when she was struck by the engine, and thrown some distance forward, and off the track to the right of the train. She subsequently recovered from her injuries. The other facts sufficiently appear in the opinion. There was a verdict for plaintiff, and damages assessed at one thousand dollars.

*J. E. Williams* and *Dodge & Johnson* for appellant.

1. The proof in this case makes a case of unavoidable accident. The clear weight of the evidence is that the statutory signals were all given. No physical power on earth could have prevented this accident. The company was in no wise negligent, and hence was not liable. 19 L. R. A. 567; 88 Pa. St. 520; 32 Am. Rep. 472; 11 Wright, 300.

2. The view that the tender years of the child may protect it from the ordinary rules as to contributory negligence will not warrant the court, and did not warrant the jury, in entertaining the presumption of negligence against the defendant. If there be no negligence, the incapacity of the child creates no liability. 65 Pa. St. 269; 3 Am. Rep. 628–634; 95 Pa. St. 398; Patterson, R'y. Law, 72, sec. 75; 14 R. I. 314; 51 Am. Rep. 386; 72 Mo. 62; 4 A. & E. R. Cases, 589.

3. The rate of speed did not contribute to the injury, but was no act of negligence. 19 L. R. A. 567; 34 N. Y. S. 279; 61 N. W. 514; 38 Pac. 257; 37 N. E. 663; 22 S. W. 939; 44 Fed. 574; 32 Ill. App. 365. The crossing at Donaldson was a mere country railroad crossing.

4. The court erred in granting the second instruction for plaintiff. It was thoroughly abstract and completely out of place to submit to the jury, in view of the circumstances of this case, that any failure to ring the bell or sound the whistle, and keep it sounding for eighty rods, might be the cause of this accident. The same is true of the third instruction. While, ordinarily, contributory negligence cannot be imputed to a child of tender years, yet the child was in the custody of an adult, capable of taking care of her, and if she permitted her to escape from her, and thus bring injury upon herself, the doctrine of imputed negligence attaches to the child.

52 Cal. 602; 29 Minn. 336; 9 Allen, 401; 142 Mass. 301; 152 *id.* 294; 46 Ind. 25; 62 Me. 468; 60 N. Y. 326; 36 Hun, 508; 21 Wend. 615; 94 Mo. 600; 28 Kas. 541; 39 Md. 459; 62 Wis. 272.

5. The court erred in refusing the prayers asked by defendant, and modifying those given.

6. On the instructions given the verdict should have been for the defendant.

7. On the whole, the court might well have taken the case from the jury, as being one that warranted no inference of negligence. 55 Fed. 364; 54 *id.* 301.

*W. E. Atkinson,* for appellee.

1. The evidence in this case fully sustains the verdict. There is ample proof of negligence in failing to keep a lookout, and this neglect to perform their duty caused the injury. This court declines to interfere with a verdict when there is evidence to support it. 49 Ark. 369; 47 *id.* 196.

2. The question as to whether the rule that negligence cannot be imputed to plaintiff will not of itself justify a presumption of negligence, does not arise in this case. There is positive evidence of gross negligence in this case, and does not require presumption of the fact.

3. The rate of speed, the want of signals, and the failure to keep a lookout, make a case of recklessness which warranted a verdict. 46 Ark. 45; Sand. & H. Dig., sec. 6207.

4. The engineer's testimony shows a failure to comply with the statute, and the jury evidently believed, and the evidence justifies them, that if a proper watch had been kept, the injury would not have happened.

5. The exceptions to the instructions are in gross to groups. Such exceptions are not good. 38 Ark. 539;

54 *id*. 19; 39 *id*. 337.    The third instruction is from 36 Ark. 45.

6. A parent's negligence will not be imputed to an infant.    59 Ark. 186.

7. The modification of defendant's third prayer was right. As prepared, it was not the law, and would have been misleading.

8. As to rate of speed, etc., see 4 Am. & Eng. Enc. Law; p. 932.

9. The suggestion of counsel to take the case from the jury is not well taken. They seem to have over-ruled and ignored the law, the evidence, and the force and conclusiveness of the verdict, and merely ask this court to set aside the verdict on the weight of evidence.

RIDDICK, J.,(after stating the facts.)    In this action damages are sought for an injury to Imogene Denty, a child, four years of age. She was struck by a train while attempting to cross the track of appellant's rail-way at a public crossing in a small village or hamlet called "Donaldson." A consideration of the evidence convinces us that the case turns on the question whether the employees in charge of the train could have avoided the injury by keeping a proper lookout, and also whether that question was properly presented to the jury. It is true there is conflict in the evidence as to whether the signals for the crossing, where the injury occurred, were given by the trainmen as required by the statute, and the presiding judge instructed the jury that they should find for the plaintiff if they believed that the injury was occasioned by the failure to give such signals. But it seems plain that the failure to give such signals, if proved, had no causal connection with the injury com-plained of. Mrs. Riley, the grandmother of Imogene, a lady sixty-four years of age, with whom Imogene was walking at the time, saw the train before she had got to

*Margin note: Proximate cause of accident.*

the main track of the railway upon which the train was approaching. She stopped with Imogene on the side track, and out of danger from the train. There is nothing in the evidence to justify a finding that, had she heard the signals, she would have stopped before she did, or that she would have occupied a safer position while the train was passing. The failure to give the signals did not cause her to come within dangerous proximity to the train, nor was the injury caused by the position in which she and Imogene stood. It was occasioned by the fact that Imogene suddenly broke away from her grandmother and attempted to cross the track. With this act the failure to ring the bell had no connection, for Imogene was too young to understand the meaning of such signals had they been given. We therefore think it was improper to instruct the jury that they should find for the plaintiff if they believed that the injury was occasioned by the failure to give the statutory signals required for crossings. There was no evidence upon which to base such an instruction, and it was likely to mislead the jury. *Railway Co.* v. *Roberts*, 56 Ark. 387.

As to speed of train.

The instructions also permitted the jury to decide whether the speed of the train was unreasonable or not. But we think that it was not negligence for the railway company to run its regular passenger train past a way station at the rate of thirty miles an hour, when the track near the station is straight, so the train could be seen some distance away, and the train is run on schedule time.

It is necessary for public convenience that passenger trains should make fast time. The people at the station had reason to expect the approach of the train, for it was running on its regular schedule time, and at its usual speed. The track was straight, and the train could be seen some distance away. There was, in our

opinion, nothing to justify a finding that such speed was unreasonable, and we think it was improper to sub-mit that question to the jury for determination. *Tobias v. Michigan Central Railroad Co.*, 103 Mich. 330, 61 N. W. 514.

From the instructions given, we do not know that the verdict of the jury was not based on a finding that the speed of the train was unreasonable, or on a finding that the failure to give the statutory signals for the crossing was the proximate cause of the injury, for these questions were submitted to the jury by the instructions. It is true that the circuit judge said to the jury that not every act of negligence on the part of defendant would make it responsible, but only such negligence as caused the injury. This was sound law, but it was only a statement of a general proposition. He was then asked to apply the law to the facts of this case by a special instruction to the jury that if the child "broke loose from its grandmother, and so suddenly ran upon the track that the trainmen could not have seen it, or become aware of its danger, in time to have avoided injuring it," they should find for the defendant; but he refused to do so, and modified the instruction by adding thereto the words, "unless you further find that defendant was guilty of negligence that caused the injury." As there was no other negligence upon which a finding in favor of plaintiff could be based except the failure to keep a proper lookout, this modification of the instruction was improper and prejudicial. *Railway Co. v. Roberts*, 56 Ark. 387.

For the reasons above given the judgment of the circuit court must be reversed, but we are asked to go further, and hold that the facts in proof do not make out a case sufficient to go to the jury.

With this contention we cannot agree. While we have said that propelling the train over the crossing at a speed of thirty miles an hour was not of itself negligence, yet, when a train is run at such speed over a public crossing in a town, village, or hamlet, increased vigilence is demanded on the part of the persons having charge of such train, to the end that needless injuries to persons and property may be avoided. Our statute places the burden in cases of this kind upon the railroad company to show that a proper lookout was kept. Sand. & H. Dig., sec. 6207.

The evidence in this case does not so conclusively show that the employees in charge of the train exercised the vigilance and care required by the law under such circumstances as to justify the court in withdrawing the case from the jury. It is admitted that the fireman was not keeping a lookout. The engineer testifies that he was keeping a lookout, but either from his position or from some other cause this lookout was not sufficient.

Mrs. Riley and her granddaughter were standing on the side track, in plain view of the approaching train, and might have been seen had the careful lookout required in such cases been kept. But neither the engineer nor the fireman saw them until after the child was struck by the engine. It is no excuse for this failure to say that Mrs. Riley and the child were on the side next to the fireman, and that he was putting coal in the engine. The train was passing at a high rate of speed over a crossing in a village, and ordinary care required that the fireman or some other employee should have kept a lookout along the track, so that the persons about to approach the track from that side could be seen. *St. L. S. W. Ry. Co.* v. *Russell*, 62 Ark. 182; *Railway Co.* v. *Lewis*, 60 Ark. 416.

The failure of the company to keep a lookout would not excuse an adult person who carelessly sat or stood

upon the track and allowed a train to strike him. Under the previous decisions of this court, such a person could not recover; but with an infant four years of age the rule is different. A child of that age does not possess sufficient discretion to be adjudged guilty of negligence; and if the employees of the company in charge of the train were guilty of carelessness causing injury, the company must respond in damages. *St. L. S. W. Ry. Co.* v. *Dingman*, 62 Ark. 253.

The negligence of the parent or other person having custody of the child will not in such cases be imputed to the child. *Railway Co.* v. *Rexroad*, 59 Ark. 180.

Had a proper lookout been kept, the danger to this child might have been discovered at the time it broke away from its grandmother. While there is conflict in the testimony on this point, yet there is evidence that the child ran about fifteen feet after it broke away from its grandmother before it was struck by the engine. When struck it had nearly crossed the track. Some of the witnesses say was just stepping from the last rail. In an instant more it might have been out of danger. The speed of a train running at the rate of thirty miles an hour must be many times faster than a child only four years of age can run. The train then was much farther than the child from the point of collision at the time the child started across the track. Several of the witnesses testify that the appearance of Mrs. Riley, as she approached the track holding the child by the hand, with a sun bonnet covering the sides of her face and without turning her head to look, indicated that she did not see the train until she had got to the side track. Had the persons in charge of the train seen them, and been on the alert, prepared to act on the instant the child broke away from her, we are not prepared to say that the injury might not have been avoided. We feel by no

means certain that it could have been avoided; but whether it could have been avoided by due diligence in keeping a lookout, and by acting on the first indications of danger, is a proper question for a jury to determine.

We have not set out the instructions given, for the reason that the error complained of is not in the instructions, abstractly considered, but in submitting to the jury issues upon which there was no evidence to support a finding. *Railway Co.* v. *Roberts*, 56 Ark. 387; *Gibbons* v. *Wisconsin Valley R. Co.*, 62 Wis. 546; 2 Thompson, Trials, sec. 2319.

The presiding judge, in his instructions on the measure of damages, told the jury that plaintiff could recover for future pain and suffering if it was reasonable to believe from the evidence that she must suffer in the future as the result of her injuries. This was a correct statement of the law, but the testimony of the two physicians, who alone testified on this point, seems rather to the effect that the child had fully recovered. As the case must be retried, we mention this for the reason that we are not certain that the evidence on this point, as it appears in the transcript, was sufficient to sustain a finding for prospective damages.

For the errors indicated, the judgment is reversed, and cause remanded for new trial.