SHERMAN *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY

COMPANY.

Opinion delivered December 20, 1909.

1.  RAILROADS—INJURY AT CROSSING—INSTRUCTION.—Where plaintiff's deceased was killed by defendant's train while he was lying or sitting on the track at a highway crossing, an instruction which told the jury that deceased was a trespasser upon the track was not prejudicial, since he was wrongfully there at the time the train was passing.   (Page 27.)

2.  SAME—CONTRIBUTORY NEGLIGENCE.—Although one killed by the train of a railway company is presumed to have been killed by the company's negligence, no recovery can be had therefor if the deceased was guilty of contributory negligence, unless his situation was discovered by the trainmen in time to avoid killing him, in which case they were bound only to use ordinary care to avert injury. (Page 27.)·

3.  SAME—CONTRIBUTORY NEGLIGENCE AT CROSSING.—The fact that one is upon a railway track at a highway crossing does not relieve him of the duty to exercise care to avoid danger.  (Page 27.)

4.  SAME—NEGLIGENCE OF PERSON ON TRACK—INSTRUCTION.—It was not prejudicial error to charge the jury that it was the grossest sort of negligence for the deceased .to ·sit down upon the railroad track where he knew trains frequently passed and were likely to pass at any moment.   (Page 28)

5.  SAME—DUTY AS TO KEEPING LOOKOUT.—The failure of the fireman on a locomotive to keep a lookout for persons on the track does not constitute negligence if the engineer was keeping a lookout and was ˙able to discover deceased as quickly as the fireman could have seen him. (Page 28.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; affirmed.

*H. A. Parker,* for appellant.

Trains should not run thirty miles per hour where people are constantly using the track, as at public crossings.   81 Ark. 191.

*Thos. S. Buzbee* and *Geo. B. Pugh,* for appellees.

A man has no more right to sit down on a railroad at a crossing than at any other place on the track.   49 Ark. 257.   One injured while sitting on a railroad track at a crossing is a trespasser.   50 Ark. 477.   Going upon a railroad track at a crossing without looking and listening is negligence *per se.*   65 Ark. 235; 54 Ark. 431; 56 Ark. 457; 62 Ark. 158.   An objection to an

instruction must be preserved in the motion for a new trial. 78 Ark. 374. It is not necessary for both the engineer and fireman to keep a lookout, especially on straight track. 62 Ark. 182. The right of the public in a highway crossing a railroad is simply a right of passage. 65 Mich. 186; 8 Am. St. 876; 28 Am. & Eng. R. Cas. 633.

BATTLE, J. On the 6th day of March, 1908, while Tweed Sherman was sitting or lying upon the railway track of the Chicago, Rock Island & Pacific Railway Company, at a highway crossing, a train of that company ran over and killed him, he surviving only a short time. John Sherman administered upon the estate of the deceased, and in his capacity of administrator brought this action against the railway company and Charley Freeze, the locomotive engineer of such train, to recover damages caused by such injury. The defendants answered; and plaintiff and defendants adduced considerable evidence to sustain their respective contentions. It is unnecessary to set out this evidence at length in this opinion. For it is not for us to decide whether the verdict of the jury was in accordance with the preponderance of the evidence as we find it, but whether there was evidence adduced in the trial which was legally sufficient to sustain it. There was evidence adduced which tended to prove the following facts: On the 6th day of March, 1908, Tweed Sherman sat or lay upon the railway track of the defendant railway company at a highway crossing. While in that position, a train of the defendant ran over him and inflicted injuries of which he died. The engineer of the train kept a lookout, but failed to discover him in time to avoid injuring him; but when he did, he gave alarms and made reasonable efforts to warn him of his danger, and did all he could to avoid injuring him by stopping the train, without success. The deceased could have prevented the injury by the exercise of vigilance, which he failed to do.

Over the objections of the plaintiff the court instructed the jury, in part, as follows:

"No. 4. You are instructed that the plaintiff's intestate, Tweed Sherman, was guilty of negligence in sitting down upon the railroad track of the defendant, C., R. I. & P. Ry. Co.; and if you find from the testimony that plaintiff's intestate, Tweed Sherman, was sitting down by or on the railroad track, and he was injured, he was a trespasser, and the only duty required of either

of the defendants, with reference to him, was not to wilfully or maliciously injure him; and if you find from the testimony that, after the engineer or fireman discovered him on the track, they used ordinary care to prevent the injury, and by the use of ordinary care were not able to stop the train in time to avoid injuring him, after discovering him upon the track, and discovering that he was a live human being, your verdict will be in favor of the defendants.

"5.  You are instructed that the deceased was a trespasser' upon the track of the railroad company, and that the defendant, Charley Freeze, was only required to exercise ordinary care in the running of its train at the time of the accident; and if you believe that at the time of the accident he was exercising ordinary care and prudence in the running of his train, then you will find for the defendant, Charley Freeze.

"6.  You are instructed that the engineer and fireman were not bound to stop the train as soon as they saw an object upon the track; and if they honestly thought it was an inanimate object or a hog, they had a right to run on without slacking the speed of the train, and after they discovered that the object was a man, and that he was alive, if you find that they did discover that it was a man and was alive, they had the right to assume that he would heed the danger signal, and get out of the way and, after giving the danger signal, if you believe they did give the danger signal, as soon as they discovered the object was a man and alive, then, if they discovered that he was not going to get off or heed the danger signal, it was their duty to use ordinary care to stop the train before striking him; and if you believe that they did so, and by use of such care were unable to stop the train in time to avoid injuring him after discovering that he was not going to get out of the way, your verdict will be for the defendant.  You are instructed that it was the grossest sort of negligence for the deceased, Tweed Sherman, to sit down upon the railroad track where he knew trains frequently passed and were likely to pass at any moment.

"14.  You are instructed that it is not necessary for both the fireman and engineer to keep a lookout, nor is it necessary for both of them to use the means provided for stopping the trains or giving the alarm; and if you find that the engineer kept a lookout and gave the alarm, and also (used) the means provided

for stopping the train, it was not necessary for the fireman to do anything."

The jury returned a verdict in favor of the defendants. Judgment was rendered in their favor, from which the plaintiff has appealed.

Plaintiff objected to the instruction numbered 5 and copied in this opinion, because it told the jury "that the deceased was a trespasser upon the track of the railroad company." He insists that deceased was no trespasser because he was upon a highway crossing. This is not true. He was wrongfully there at a time the train was passing. The railway company had the right to operate its trains over its tracks, and the public had the right to the use of the crossing as a highway. Neither had the right to interfere with a proper use of it by the other. In this case the deceased was not using it as a highway, but was interfering with the proper use of it by the company, and had no right to be there at that time. The use of the word "trespasser" in the instruction was not prejudicial. *St. Louis, I. M. & S. Ry. Co.* v. *Monday,* 49 Ark. 257.

The same objection is urged against instruction number 4. This court has repeatedly held that, "although one killed by the train of a railway company upon its track is presumed to have been killed by the company's negligence, no recovery can be had therefor if the deceased was guilty of contributory negligence in being upon the track, unless his situation was discovered by the trainmen in time to avoid killing him, in which case they were bound only to use ordinary care to avert injury." *St. Louis & San Francisco Railway Company* v. *Townsend,* 69 Ark. 380, and cases cited; *Barry* v. *Kansas City, Fort Scott & Memphis Railroad Company,* 77 Ark. 401, and cases cited; *St. Louis, Iron Mountain & Southern Railway Co.* v. *Freeman,* 36 Ark. 46; *Little Rock & Fort Smith Railway Co.* v. *Parkhurst,* 36 Ark. 371; *Little Rock, M. R. & T. Railway Co.* v. *Haynes,* 47 Ark. 497; *St. Louis, Iron Mountain & Southern Railway Co.* v. *Taylor,* 64 Ark. 364.

The fact that deceased was upon a highway crossing did not relieve him of the duty to exercise care to avoid danger. *Southwestern Telegraph & Telephone Co.* v. *Beatty,* 63 Ark. 65.

The statute making it the duty of all persons running trains to keep a lookout (Kirby's Dig., § 6607) has not changed this

rule. This court in speaking of this statute in *St. Louis, Iron Mountain & Southern Railway Co.* v. *Leathers*, 62 Ark. 235, said:

"In our opinion, it makes the failure to keep a constant lookout by the employees of a railroad company negligence, and puts the burden upon the railroad company to establish the fact that it has kept such lookout. This is the extent of the change made in the law by the statute, which in our opinion does not, in such cases as this, abrogate the doctrine of contributory negligence. It has been repeatedly held by this court that one who is injured by mere negligence of another cannot recover at law or equity any compensation for his injury if he, by his own or his agent's ordinary negligence or wilful wrong, contributed to produce the injury of which he complains, so that, but for his concurring and co-operating fault, the injury would not have happened to him, except when the direct cause of the injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence. * * * This is a doctrine which, according to the great weight of authority, seems founded in reason and justice, and which, in our opinion, the act referred to was not intended to and does not abrogate."

Instruction numbered 8, under the evidence in this case, was proper. The word "gross" used in it was superfluous, but not prejudicial.

Plaintiff's objection to instruction numbered 14 is that it says it was not necessary for the fireman and engineer on the train that killed Tweed Sherman to keep a lookout. It was not if the engineer was so situated that he could have seen the deceased as well as the fireman. *St. Louis Southwestern Railway Co.* v. *Russell,* 62 Ark. 182. The evidence in this case shows that the engineer could and did discover the deceased upon the railroad track as soon as the fireman. This case is unlike *St. Louis, Iron Mountain & Southern Railway Co.* v. *Denty,* 63 Ark. 177, cited by appellant. In that case it did not appear that a lookout by the fireman was unnecessary. We find no reversible error in the instructions of the court. We have considered other questions presented by briefs of counsel, but do not deem it necessary to notice them in this opinion. There was evidence sufficient to sustain the verdict. Judgment affirmed.