ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* CONE.

## Opinion delivered February 9, 1914.

1. RAILROADS—DUTY TO KEEP LOOKOUT FOR STOCK ON TRACK.—The duty to keep a lookout for stock on the track is not imposed upon all the members of a train crew, and may be discharged by a lookout kept by a single member of the crew, provided he is in a position to do so as effectively as another member of the crew. (Page 313.)

2. RAILROADS—DUTY TO KEEP LOOKOUT FOR STOCK ON TRACK—NEGLIGENCE QUESTION FOR JURY.—A railroad company is required to exercise ordinary care and watchfulness to discover domestic animals upon its tracks, and when they are discovered, to use reasonable efforts to avoid harming them; and it is a question of fact for a jury to say whether under given circumstances that duty has been performed, unless the facts are such that only one inference can be reasonably drawn. (Page 313.)

3. RAILROADS—STOCK KILLED ON TRACK—NEGLIGENCE—QUESTION FOR JURY.—Under the evidence *held* a question for the jury whether defendant was guilty of negligence in killing a hog on its track. (Page 313.)

4. RAILROADS—STOCK KILLED ON TRACK—NEGLIGENCE—ATTORNEY'S FEES.—An attorney's fee may be assessed against a railroad, in an action

for damages for killing a hog on defendant's tracks, if the jury found defendant guilty of negligence in doing the killing. (Page 313.)

Appeal from Calhoun Circuit Court; *Geo. W. Hays,* Judge; reversed.

*S. H. West* and *Gaughan & Sifford,* for appellant.

1. Employees are required to use only ordinary care to prevent injury to stock. 89 Ark. 121. At least the question of negligence should have been left to the jury.

2. The statute allowing attorney's fee is unconstitutional. 224 U. S. Sup. Ct. Rep. 354, 56 S. E. 799.

*J. S. McKnight,* for appellee.

1. The Supreme Court will not explore the record for errors; the appellant must set forth in his abstract the errors relied on, or this court will affirm. 103 Ark. 430; 101 *Id.* 207; 93 *Id.* 93; 95 *Id.* 123; 83 *Id.* 352.

2. The court properly directed a verdict. Kirby's Dig., § 6607, amended by Acts 1911, p. 275.

3. Before a party can complain of the giving of an instruction, he must ask a correct instruction on the point at issue. 104 Ark. 322; 102 *Id.* 588.

4. The law allowing attorney's fee is not unconstitutional. 224 U. S. 354, 56 S. E. 799; 104 Ark. 500.

Smith, J. Appellee brought this suit to recover the value of a certain hog owned by him, which was killed by one of the appellant's trains, and in addition to the damages for the value of the hog he also sued for a reasonable attorney's fee.

It is not denied that the hog was killed by the train, neither is it questioned that the claim for damages was presented more than thirty days before the institution of the suit, and the judgment rendered was for the amount of the claim presented to appellant, which was also the amount for which the suit had been brought. Appellee asked that an attorney's fee of $25 be allowed him; but the jury, under the direction of the court, assessed the fee at the sum of $10. This is the minimum

amount of fee which could have been assessed under the
proof, if any should have been charged at all.  At the
conclusion of the evidence the court directed the jury to
return a verdict in appellee's favor for $5, the value of
the hog, and for an attorney's fee of $10.  It is not de-
nied that the hog was worth $5, and it is not claimed the
attorney's fee is excessive, but appellant insists that in-
stead of directing a verdict against it, the court should
have directed a verdict in its favor, or should, at least,
have submitted the question of its negligence to the de-
cision of the jury, and appellant also questions the as-
sessment of the attorney's fee upon the ground that the
act of the General Assembly of the State of Arkansas,
approved February 27, 1907, authorizing its assessment,
is unconstitutional.

Appellant offered no proof to rebut the statutory
presumption of negligence which arose upon the proof
that the hog had been killed by one of its trains, but the
evidence which showed that fact also showed the circum-
stances under which the injury occurred.  The train was
a short local freight train, and had stopped at the station
of Thornton, Arkansas, during which time the hog came
upon the track near where appellant's brakeman and
others, who were engaged in unloading the freight, were
standing.  One Roy Sisson, who was employed as a clerk
for the railroad at the depot, and who had been assisting
in unloading the freight, testified that just before the
train started the hog had been standing only a few feet
away from the brakeman, and that there was nothing to
obstruct his view, nor to prevent the brakeman from see-
ing the hog.  But this witness also testified that some
minutes before the train was put in motion he had run
the hog out from under the train, and that he never saw
it any more until the train was in motion, and that the
hog was at about the center of the track, under the car,
when the train started to move and that it was struck
by the wheels on the side of the car opposite him.  The
witness testified that the brakeman was standing five or
six feet from the car, when he gave the signal for the

train to start, and that the brakeman could have seen the hog, if he had looked for it. But he also testified that the brakeman was a man about six feet high and that the car was elevated only three or four feet above the track and extended out some distance over the wheels.

The witness was asked these questions:

Q. Was there any obstructions between the brakeman and the hog at the time the train ran over him?

A. No, sir; there was not.

The hog had been on the side next to the depot and had started across the track and at that time the brakeman was "right up against the train."

The witness further testified that he did not see the hog under the train, at the time the signal to start was given, and that he did not know it was under there until he heard it squeal and the train was in motion before he saw the hog.

The appellee's case largely depends upon the evidence of this clerk, who evidently testified in a very candid manner, and the inference from his evidence is that the brakeman saw, or should have seen, the hog before giving the signal to start; but we can not say this is the only inference to be drawn from this evidence.

If this case was before us upon an appeal from a judgment upon the verdict of a jury, returned under proper instructions, we would affirm it without hesitation, because the evidence would support a finding that the brakeman saw, or should have seen, the hog and was aware of its danger, and should have driven it off the track before signalling the engineer to start the train. But the verdict in this case was returned in favor of the appellee, under the directions of the court, and the question is not therefore whether the evidence is legally sufficient to sustain the verdict, but rather is, whether reasonable minds could have drawn any other conclusion from the evidence than that the brakeman saw, or in the exercise of ordinary care should have seen, the hog and have driven it off the track. The jury might have found that Sisson had a better opportunity to see the hog than

the brakeman had and yet did not see it, after he had driven it away, until it was struck and might have concluded from this fact that the brakeman was guilty of no negligence in failing to discover the presence of the hog, although he was under the duty to keep a lookout, when no such duty rested upon Sisson. The duty to keep a lookout for stock on the track is not imposed upon all the members of a train crew, and may be discharged by a lookout kept by a single member of the crew, provided the person who keeps it is in position to do so as effectively as any other member of the crew could do. *St. Louis, I. M. & S. Ry. Co.* v. *Davis,* 93 Ark. 484; *Sherman* v. *Chicago, R. I. & P. Ry. Co.,* 93 Ark. 24; *Little Rock & H. S. Ry.* v. *McQueeney,* 78 Ark. 22; *St. Louis S. W. Ry. Co.* v. *Russell,* 62 Ark. 182; *St. Louis, I. M. & S. Ry. Co.* v. *Denty,* 63 Ark. 177. But, by whomsoever performed, the duty rests upon the railroad company to exercise ordinary care and watchfulness to discover domestic animals upon its tracks, and when they are discovered to use reasonable efforts to avoid harming them. Kirby's Digest, § 6607. And it is a question of fact for a jury to say whether, under given circumstances, that duty has been performed, unless the facts are such that only one inference can be reasonably drawn.

The brakeman knew the train would start upon his signal, and he had no right to be oblivious to his surroundings, or indifferent to injury that might be done persons or property by the movement of the train; but upon the contrary if he knew, or should have known, when he gave the signal for the train to start, that the hog was in a place of danger the appellant is liable. But this question should be decided by the jury.

Under the evidence as to the presentation of the claim for damages, there would have been no error in assessing an attorney's fee against appellant, had this verdict been returned by the jury under proper instructions from the court submitting the issue of negligence, but that question must be first determined. *Kansas City Southern Ry. Co.* v. *Anderson,* 104 Ark. 500.

The judgment is therefore reversed and the cause will be remanded.