LUSK ET AL., RECEIVERS ST. LOUIS & SAN FRANCISCO
RAILROAD COMPANY *v.* COOPER.

Opinion delivered July 9, 1917.

1. JURISDICTION—QUESTION OF, MAY BE RAISED WHEN.—The question of jurisdiction may be raised for the first time on appeal.

2. JUSTICES OF THE PEACE—JURISDICTION—ATTORNEY'S FEES.—In an action under a statute allowing attorney's fees, where there is neither an allegation of fact which would justify the recovery of attorney's fees, nor a statement of any amount sought to be recovered, the general prayer for recovery of an attorney's fee in addition to the amount of actual damage will not defeat the jurisdiction of the justice of the peace, in whose court the action is brought.

3. RAILROADS—NEGLIGENT KILLING OF HORSE.—Evidence *held* sufficient to sustain a verdict against a railway company for the negligent killing of a horse.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*W. F. Evans* of Missouri and *B. R. Davidson,* for appellants.

1. Under the evidence a peremptory instruction should have been given for defendants. A constant lookout was kept, and any presumption of negligence was overcome by the proof. Everything possible was done to avoid the injury after the horse was discovered. 39 Ark. 413; 40 *Id.* 336; 41 *Id.* 161; 53 *Id.* 96; 67 *Id.* 514.

2. The justice had no jurisdiction and the circuit court acquired none on appeal. Const., art. 7, § 4; 44 Ark. 100; 45 *Id.* 346; 7 *Id.* 258; 13 *Id.* 40; 66 *Id.* 346; 77 *Id.* 582; 77 *Id.* 234; 11 *Id.* 309; 111 *Id.* 350; 114 *Id.* 304-9; 23 *Id.* 40. The question of jurisdiction can be raised at any time.

3. No negligence was proven. 41 Ark. 161. See also 48 Ark. 366-370.

*Sam R. Chew,* for appellee.

1. The court had jurisdiction. The only measure of damages was the value of the stock killed. 73 Ark. 120. The amount claimed determines jurisdiction. 122 Ark. 224; 83 *Id.* 372; 66 *Id.* 346.

2. The evidence of the engineer and fireman was contradicted, and the verdict is sustained by the evidence.

McCULLOCH, C. J. Appellee instituted this action before a justice of the peace of Crawford County against appellants, as receivers of the St. Louis & San Francisco Railroad Company, to recover $100, the value of a horse, alleged to have been killed through negligence in the operation of a train. In the complaint the value of the horse is alleged in the sum of $100, and the prayer of the complaint is that appellee "may have and recover the sum of $100 damages, and a reasonable attorney's fee." The case was tried in the circuit court on appeal and the trial resulted in a verdict in appellee's favor for the sum of $100.

(1) The question of recovery of attorney's fee was not submitted to the jury, and that feature of the com-

plaint appears from the record to have been entirely ignored in the trial of the case. It is insisted here, apparently for the first time, that the justice of the peace had no jurisdiction, and that the circuit court acquired none on appeal, because the action was one to recover on account of damage to personal property, and that the amount in controversy exceeded the sum of $100. The question of jurisdiction raises itself at any stage of the proceedings, and it may be raised here, even though not insisted on in the trial below. The statute (Kirby's Digest, § 6774, as amended by Acts of 1907, page 144) authorizes the recovery of attorney's fees in actions against railway companies for killing or wounding stock only where there has been a failure on the part of the company to post notice of the injury in accordance with the terms. of the statute, or where, after the posting of notice, there has been a failure or refusal to pay within thirty days after demand. *Kansas City Southern Ry. Co.* v. *Anderson*, 104 Ark. 500; *St. Louis Southwestern Ry. Co.* v. *Cone*, 111 Ark. 309.

(2) The complaint contains no allegations concerning the posting of notice or refusal to pay after demand, and for that reason there is no statement of a cause of action for the recovery of attorney's fee. The burden is always on the complaining party to allege and prove his cause of action in that respect. *Kansas City Southern & Memphis Rd. Co.* v. *Summers*, 45 Ark. 295. Neither is there any specific sum demanded in the complaint for attorney's fee. It is unnecessary to decide whether or not a demand in the complaint for a specific sum as attorney's fee in addition to the sum of $100 claimed as actual damages would put the cause of action beyond the jurisdiction of a justice of the peace, but we hold that where there is neither an allegation of facts which would justify the recovery of attorney's fee nor a statement of any amount sought to be recovered, the general prayer for recovery of attorney's fee in addition to the amount of actual damages will not defeat the jurisdiction of the justice of the peace. The prayer of the complaint in that

respect is purely surplusage and does not affect the jurisdiction of the court in which suit is brought.

(3)   The only other question raised here is that concerning the legal sufficiency of the evidence.   It is conceded that appellee's horse was killed by a train operated by servants of appellants, but it is contended that the testimony adduced by appellants overcomes the presumption of negligence beyond controversy.   The horse was killed during the night at a road crossing near the station of Rudy by a passenger train, which the proof shows was running at a speed of about forty miles per hour.   No one saw the horse killed except the engineer and fireman, and, according to their testimony in the case, they were both keeping a lookout and the fireman saw the horse on the right-of-way coming in the direction of the track and gave warning to the engineer, who sounded the whistle and applied the brakes, but the engine was too near the horse at the time to avoid striking him.   The attention of the engineer was called to the presence of the horse on or near the track as the train rounded a curve coming out of a deep cut a short distance south of the place where the horse was struck.   The engineer testified that the distance from the end of the cut to the crossing where the horse was struck was only about 100 feet, and that he did everything he could to avoid the injury after his attention was called to the horse being in danger.   Appellee introduced testimony tending to show that it was about 800 feet from the end of the cut to the place where the horse was struck and that a person could see up the track that distance.   It was also shown that the tracks of the horse were seen along between the rails for a distance of the length of two and one-half rails.   It is thus seen that the testimony of the engineer was contradicted by that of other witnesses and the jury might have found that the horse was seen for a distance of 800 feet ahead of the engine running along the track, and that sufficient effort was not put forth by the trainmen to prevent the injury.

Judgment affirmed.