## L. R., M. R. & T. Ry. v. Haynes.

1. DAMAGES: *Estimate of; Opinion of witness.*

   A witness is never permitted to estimate the amount of damages which a party has sustained by the doing or not doing of a particular act. That is the province of the jury and not of a witness. He may state the facts showing the extent of the injury, and any other pertinent matter; but the measuring of damages is not a fact, but matter of opinion or speculation.

2. RAILROADS: *Contributory negligence.*

   A trespasser on a railroad track cannot recover for running him down in the absence of reckless or willful conduct of the company or its agents.

3. SAME: *Same.*

   Though an engineer sees one lying upon the track at a distance before him, yet if he honestly mistakes him for some inanimate object until it is too late to avoid running over him, the company is not liable for the mistake and injury.

APPEAL from *Drew* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

*J. M. Moore* for Appellant.

We hardly feel that it is necessary to file a brief in this case or do more than refer the court to the case of *St. L., I. M. & S. Ry. v Freeman, 36 Ark., 41.* The cases are in many respects parallel. In both cases the engineer, when he first saw the party injured, thought it to be some other object and took such precautions as were proper under the circumstances, and did everything in his power to avert the accident after discovering that it was a human being on the track. In the case cited, this court held that the company was not liable, but in the case at bar the circuit court held that the engineer could not be heard to say that he mistook the plaintiff's foot for a log or chunk of wood. See third and fourth instructions given for the plaintiff; and seventh and twelfth instructions asked by defendant and refused.

31——47

In the eighth instruction given for the plaintiff the circuit court adopts the Illinois doctrine of comparative negligence, which was condemned by this court in Freeman's case.

The court refused to instruct that it was contributory negligence for the defendant, if he was subject, as he testified, to fits of vertigo, to expose himself as he did on the track near train time; (see the fourth and eleventh instructions asked by defendant and refused), or that it was contributory negligence for a man to go to sleep on a railroad track; (second instruction asked by defendant and refused).

In short, the case was tried on an erroneous theory throughout. It is inconceivable how the circuit court could have so egregiously erred in view of the rulings of this court in the following cases : *L. R. &. Ft. S. Ry. v. Pankhurst, 36 Ark., 374; St. L. & S. F. R. R., v. Marker, 41 Ark., 542; L. R. & Ft. S. Ry. v. Miles, 40 Ark., 298; Ledbetter's case in Mss.*

*W. F. Slemons* and *C. D. Wood* for Appellee.

It was not error, for the court to allow the plaintiff to estimate his damages under the question as propounded to him, and was only restating in substance what was claimed in his complaint (*37 Ark., 519*, sustains the doctrine); and was not prejudicial to defendant.

The second instruction asked for by plaintiff submitted the facts fairly to the jury, is good law, and was properly given. *38 Ark., 369; 42 Ark., 328, and cases cited; A. & E. Ry. cases. vol. 8, p. 314; Ib., 347; Ib., 480; A. &. E. Ry. cases, vol. 3, p. 365; Ib., vol. 6, p. 222.*

The third instruction is law and was properly given. *Central Law Journal, No. 22, May 30, 1884, p. 349.* It would be carelessness to run a train over a log or chunk.

Fourth instruction properly given; was supported by the evidence. *Central Law Journal, No. 22, May 30, 1884, p. 349.* Safety to passengers demanded this if nothing else.

Eighth instruction properly given. *43 Wis., 509; 36 Wis., 92; 22 Wis., 675; 29 Wis., 144; 40 Wis., 35.* We fail to see wherein this court has condemned the doctrine here laid down. *36 Ark., 41.* But if it has, was defendant prejudiced by the instruction?

The third instruction asked for defendant was properly overruled, because there was no evidence to support it, and it is purely abstract. *15 Ark., 492.* If there was not a particle of evidence that plaintiff had gone to sleep on the track, why is it error to refuse an instruction on that point?

The fourth instruction asked for defendant was properly overruled. Plaintiff had the same right that other footmen had, especially when on business. The refusal to give this instruction could not and did not prejudice defendant's case, because it is evident from the evidence that the jury regarded the fact of the train not being stopped before reaching plaintiff, after the engineer saw him, as negligence and the proximate cause of the injury.

The twelfth instruction for defendant was properly overruled. The principle it asked the court to establish is not good law. " When one discovers the danger in which another lies and negligently fails to avert it, no negligence, however gross, of the latter, can excuse the former from answering the full consequences and the payment of all damages done." *Werner v. Citizens R. Co., S. C. Mo; Central Law Journal, No. 22, May 30, 1884, page 439.*

Conceding, however, that this instruction was good law, this court will not reverse because it was evidently not prejudicial to defendant.

The opinion of this court in *Citizens Street Railway v. Steen, 42 Ark., 322 to 329 inclusive, and cases there cited,* are applicable to this case, and is a lucid exposition of the law of negligence and of damages of cases of this character.

The damages were for the jury to determine from the evidence. *Klutts v. St. Louis, etc., Ry. Co., A. & E. Railroad Cases, vol. 11, p. 644; 42 Ark., p. 126.*

SMITH J. This action was brought by Haynes, who was using the railroad track as a foot-path, to recover damages for being run over by a passing train. The answer averred that the defendant's servants in charge of the train exercised all proper care—that the injury occurred by reason of the plaintiff's own negligence in lying on or near the track while he was drunk, or asleep; and that every effort was made to stop the train after the plaintiff's situation was discovered. The plaintiff obtained a verdict for $4500. And the motion for a new trial alleged the admission of incompetent testimony, misdirection of the jury and that the verdict was contrary to the evidence.

After detailing the nature and extent of his injuries and the circumstances under which he was struck, the plaintiff was asked this question:

1. ESTIMATE OF DAMAGE:— Opinion of witness not admissible.

"Taking into consideration the amount you have expended in attempting to cure yourself of your injuries, the present and prospective condition of your leg, the bodily pain and mental anguish, the time you have lost from your labor, your inability to labor and follow and attend to your business affairs in the future, how much were you damaged by the injury?" Plaintiff answered $4500. To the question and answer defendant objected, and his objection being overruled defendant at the time excepted.

The impropriety of such a line of examination was pointed out by this court, nearly forty years ago, in *Pierson v. Wallace*, *7 Ark., 282*. This is one of the few subjects upon which there is absolutely no conflict in the authorities. A witness is never permitted to estimate the amount of damages which a party has sustained by the doing, or not doing, of a particular act. That is the province of the jury and. a witness cannot be allowed to usurp it. He may state facts showing the extent of the damages and any other pertinent matters. But the measuring of the amount of damages in dollars and cents is not a fact. It is a matter of opinion or speculation. See *Lawson's Expert and Opinion Evidence, 448,* where a vast number of cases are collected; *Kirkpatrick v. Snyder, 33 Ind., 169; O. & M. Ry. Co. v. Nickless, 71 Id., 271.* The leading case on this subject is *Norman v. Wells, 17 Wend., 136.* There the court say : " The ordinary and in general the only legal course is to lay such facts before the jury as have a bearing on the question of damages, and leave them to fix the amount. They are the only proper judges. They are impartial and capable of entering into these ordinary matters. Witnesses are, in such cases, unavoidably governed by their feelings and their prejudices, gathered from many sources. . . . No case was cited by counsel where evidence of opinion as to the amount of damages sustained has ever been sanctioned as legal. The amount of indemnity, where it is not capable of being reached by computation, is always a question for the jury.

"If there be any rule without exception it is this, and I have been unable to find any instance where the opinion of witnesses has been received."

The evidence, which was in no material part conflicting, discloses the following state of case : The plaintiff was a man of intemperate habits and was beyond doubt drunk on this particular occasion, according to the testimony of all the witnesses, himself included. He had started out to walk down

the railroad track from Tillar station to a shingle mill, distant one and a half miles. When he had gone a half mile, he was, according to his own account, overtaken by a blind spell and knew no more until he was run over. His foot was crushed and amputation became necessary. There was evidence tending to show that he was subject to attacks of vertigo or dizziness. The track was straight at the place where the accident happened. The engineer discovered a small object on the rail when he was at the distance of 300 yards. This he took to be a billet of wood. When his engine had approached within 200 yards of the object, he saw it was a man's leg, and immediately signaled for brakes and reversed the engine. But the train was composed of twelve or fourteen freight and passenger cars, the track was wet and slippery, and it was found impossible to stop it in time to prevent the injury. The engineer says he could have done no more if he had been about to run into a broken bridge. The plaintiff was lying in a path at the end of the cross ties, with his leg between the ties and his foot resting on the rail.

2. Contributory negligence.    Now, it is very plain that the proximate cause of the injury was the negligence of the plaintiff in voluntarily walking upon the track and his inability to get out of the way of the train, in consequence of intoxication or a paroxysm of his disease. And the whole doctrine of contributory negligence is bottomed on the maxim, *In jure non remota causa, sed proxima, spectatur.* The railway company is not responsible, unless its trainmen had a clear opportunity, after discovery of the plaintiff's peril, to avoid striking him. Or, to state the proposition in a different form, a trespasser on a railroad track cannot recover for running him down, in the absence of willful or reckless conduct on the part of the company or its agents. *St. L., I. M. & S. Ry. Co. v. Freeman, 36 Ark., 41; L. R. & Ft. S. Ry. v. Pankhurst, Ib., 371; St. L., I. M. & S. Ry. v. Ledbetter, 45 Id, 246; Same v. Wilkerson, 46 Id., 513; Wright v. R. Co. 6 East. Rep., 611; S. C., 142 Mass.*

The jury were told that the plaintiff was guilty of contributory negligence if he was drunk at the time, and that in that case he could not recover unless the train could have been stopped in time to save him, after discovery that it was a human being on the railroad track. But the court rejected this prayer:

"8. If the plaintiff was subject to attacks of vertigo or dizziness, as he claims, it was contributory negligence for him to be traveling along the track near train time even if he was not drunk."

We can see no difference between the two infirmities, which will affect the liability of the company.

The following directions were also given by the court:

3. SAME.

"3. The jury are instructed that if they believe from the evidence that the engineer in day time ran the engine and cars over plaintiff, seeing him lying over defendant's track in a straight stretch in said road, he cannot be heard to say that he believed it to be a log or chunk."

"4. The jury are instructed that if they believe from the evidence that defendant's engineer, operating the locomotive and engine and cars at the time the injury herein occurred, saw an object on the track which he took to be a log or a chunk, due care would require him to stop the train if possible and remove the obstacle whatever it might be, and if said engineer did not do this they will find for the plaintiff."

And the court refused the following request to charge :

"12. If the plaintiff was in a drunken condition or otherwise guilty of contributory negligence he cannot complain of the engineer so long as the engineer thought the obstacle on the track was a chunk, if he really thought so. In such case the engineer's duty to plaintiff did not begin until the engineer became aware it was a man."

In *St. L., I. M. & S. Ry. Co. v. Freeman, supra,* the trainmen mistook a child, one hundred yards off, for a hog.      Yet it was not intimated that the mistake rendered the company liable for the death of the child.      A failure to distinguish so small an object as a man's leg at 300 yards is still more excusable.

The court also gave the following:

"8.      The jury are instructed that slight negligence is not a slight want of ordinary care, but a want of extraordinary care, and the law does not require such care of the person injured by the negligence of another as a condition precedent to his recovery."

We do not know whether this was an attempt to state the Illinois doctrine of comparative negligence, or to revive the exploded distinction between degrees of negligence. · But it is obscure and far better calculated to puzzle than to enlighten a jury.

Reversed and a new trial ordered.