ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*
WOODWARD.

Opinion delivered June 7, 1902.

INSTRUCTION—UNSUPPORTED HYPOTHESIS.—It is prejudicial error to give an instruction based on a hypothesis unsupported by the evidence, where such instruction is calculated to confuse the jury and divert their minds from the real issue in the case.

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

*Dodge & Johnson, Oscar L. Miles,* for appellant.

Instructions inapplicable, misleading and based on unproved hypotheses should not be given. 95 U. S. 697; 20 How. 252; 41 Ark. 382; 49 Ark. 183; 8 Ark. 183; 15 Ark. 491; 16 Ark. 628; 26 Ark. 513; 24 Ark. 251; 58 Ark. 324. To constitute murder in the first degree, there must be premeditation and deliberation. 36 Ark. 127; 38 Ark. 221; 56 Ark. 8; 45 Ark. 281. Proof of injury raises no presumption of willful injury. 63 S. W. Rep. 994. Plaintiff's own negligence was established by the *res ipsa loquitur.* 56 Ark. 459; 65 Ark. 238; 63 Ark. 638; 62 Ark. 158; 61 Ark. 555; 54 Ark. 431; 95 U. S. 191; Patterson, Ry. Acc. Law, § 174; 114 U. S. 615; 95 U. S. 697; 3 Appeal Cases, 1155; 62 S. W. Rep. 64.

*Cravens & Cravens* and *F. M. Jamison,* for appellee.

Remarks of attorneys, see 61 Ark. 136; 65 Ark. 619. An admonition to disregard prejudicial statements is sufficient to cure

prejudice. 1 Thomp. Trials, § 960. Unless discretion of the presiding judge is grossly abused, it is not subject to review. 34 Ark. 658. Doing a prohibited act or failure to perform a duty enjoined by statute is negligence, and is only excused by contributory negligence. 33 L. R. A. 500; 144 U. S. 408; 129 Mass. 310; 129 Ill. 540; 1 Shear. & Red. Neg. (5th Ed.) § 13. It was unnecessary to plead the ordinance to warrant the instruction given. 84 Mo. 119; 45 Mo. App. 123. Instruction No. 7 asked by the defendant was properly refused. 1 Thomp. Neg. 423; Shear. & Red. Neg. (5th Ed.), § 478. Negligence was properly defined by the court's charge. 38 Ark. 357; 60 Ark. 409; Cooley, Torts (2d Ed.), 752; 11 Q. B. D. 507; Shear. & Red. Neg. (5th Ed.), § 3; 60 Ark. 409. Instruction No. 1 asked by the defendant and given by the court cures any defects in instruction No. 4 given at the instance of appellee. 36 Ark. 371; 46 Ark. 399; 48 Ark. 125. Instructions are to be taken together. 48 Ark. 396. Contributory negligence is a question for the jury, unless the facts are undisputed, and susceptible of but one construction. 61 Ark. 555; Beach, Cont. Neg. 454; 109 N. C. 472; 26 Am. St. Rep. 581. Appellee was not guilty of contributory negligence. 2 Wood, Ry. Law (Minor's Ed.), 1526; 109 N. C. 472; 26 Am. St. Rep. 581; 74 Pa. St. 265; 72 Wis. 375; 86 N. Y. 616; 69 N. Y. 158; 152 U. S. 262; Beach, Cont. Neg. 42; 128 U. S. 94-5. The question of contributory negligence was not one for the jury. Beach, Cont. Neg. 456.

· BUNN, C. J. This is a suit instituted in the Sebastian circuit court, Fort Smith district, and transferred on change of venue to the Greenwood district, where trial before a jury was had, resulting in a verdict for plaintiff in the sum of $2,000 for personal injuries to said Idus Woodward, and the defendant duly and in due time appealed to this court.

Idus Woodward, a boy 12 years old, was driving a covered ice wagon along one of the streets of Fort Smith, and, when crossing the defendant's railway track, this ice wagon was struck and demolished by a car which was being backed by an engine at the rear end of a train of three or four cars, and threw the plaintiff out, greatly wounding him.

The only questions in the case were whether or not the defendant's engineer in charge of the moving train was negligent in not giving warning of its approach to the street crossing, and, on the other hand, whether or not the defendant exercised proper care to

protect himself in attempting to cross the railroad track at the particular place and under the particular circumstances by which he was surrounded.

In the course of the trial, the trial court gave, among others, the following instruction: "7. If you believe from the evidence that the injuries complained of were caused by the plaintiff's own negligence, and further find from the evidence that the direct cause of the injuries complained of was on account of the omission of defendant's engineer, after becoming aware of the negligence of the plaintiff, if he knew of such negligence, to use a proper degree of care to avoid the consequences of such negligence on the part of the plaintiff, then your verdict should be for the plaintiff." There is no evidence in the case that the engineer in charge of the engine and moving cars could have done more than he did do to avoid the injury after he saw the ice wagon and the peril of its driver, for after the wagon got in view on the railroad track the train was stopped within 34 to 80 feet, according to the testimony of the several witnesses, which was a reasonably short stop, even if the train was moving at the low rate of 4 to 6 miles an hour, as some of the witnesses testified. The part of the instruction covering the alleged negligence after he saw defendant's perilous situation is not only without evidence to support it, but was calculated to confuse the jury, and divert their minds from the real issue in the case, and was therefore improperly given. *Railroad Company* v. *Houston,* 95 U. S. 697; *United States* v. *Breitling,* 20 How. 252; *Little Rock & Fort Smith R. Co.* v. *Townsend,* 41 Ark. 382; *Railway Company* v. *Hammond,* 58 Ark. 324.

Under the circumstances, it cannot be determined whether the jury based their verdict upon the proper instructions given in the case, or upon the erroneous instruction. The instructions, especially in a case like this where every issue is sharply controverted by the evidence, should be direct and to the point, and not at all misleading as to the real issues involved; otherwise, there can be no fair trial.

Reversed and remanded for a new trial.