CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. BUNCH.

Opinion delivered May 6, 1907.

1. ADMISSION—STATEMENT OF COUNSEL.—While statements of counsel may bind their clients in appropriate cases, parts of a statement can not be detached and used as a declaration against interest when the entire statement would exculpate the client. (Page 524.)

2. RAILROAD—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.—Where the evidence shows that plaintiff's intestate was killed by a train while walking upon the track, and was shown to be in possession of his faculties, a case of contributory negligence is made out, and the burden is cast upon the plaintiff of showing that the trainmen discovered his peril in time to avoid injuring him. (Page 524.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; reversed.

Action by Martha C. Bunch, administratrix of estate of J. C. Bunch, deceased, on behalf of his estate, alleging that intestate's death was due to defendant's negligence in operating its train. Plaintiff recovered, and defendant appealed.

*Buzbee & Hicks,* for appellant.

It was conceded on the trial that deceased was guilty of contributory negligence. Such being the case, the burden was upon appellee to show that appellant discovered him on the track in time to have avoided injuring him, and wantonly and wilfully injured him. 69 Ark. 382; 76 Ark. 10; 77 Ark. 401.

*W. L. & D. D. Terry,* for appellee.

There was not only testimony of witnesses on the part of plaintiff, coupled with the admission of defendant's counsel that "the deceased was seen on the track," which was sufficient to sustain the verdict, but also the further failure or refusal of appellant to produce any evidence or offer any explanation until after the instructions had been argued and settled. The latter fact is as much a matter for a jury to draw inferences from as it is for a court. 1 Thompson on Trials, § 1045; 74 Ark. 411. It is incumbent on this court to draw the strongest inference in favor of the finding of the jury that they were warranted in deducing from the evidence. 74 Ark. 480. Admissions of counsel as to matters to be proved are constantly received and acted on in the trial of causes. 49 S. W. 1030; 28 Pac. 201; 103 U. S. 262. The jury also had the further proved fact and circumstance before them that the track between the trestle and the point where deceased was struck, a distance of nearly 500 yards, was a straight line, and that for half a mile, anyway, a man could be seen. A straight track and open view must be considered. 81 S. W. 826; 20 S. W. 962. No proof was offered to show compliance with the statutory duty to look out for persons and property. Kirby's Digest, § 6607; 62 Ark. 238; 65 Ark. 432.

HILL, C. J. J. C. Bunch lived near Hilaro Crossing on the appellant's railroad. He was a farmer, owning some stock which was in the habit of pasturing on the range. The railroad track was fenced, but the fences were brought into a trestle, forming what witnesses designate a "pocket," in which "pocket" Mr. Bunch's cattle were in the habit of wandering, and several had been killed therein.

About five-thirty o'clock on the morning of March 2, 1905, Mr. Bunch started down to this place on the railroad track to look for his cattle. A local from Little Rock passed along shortly

after he left his house. After it had passed the crossing it was heard to give several short, sharp blasts, and then come to a quick stop and, after stopping a few moments, to go on. It was afterwards learned that the train took up Mr. Bunch and carried him on, but he died before he was brought back home later in the morning. There was a gash in the back of his head about two and a half inches long, through the skin and into the bone, making a little nick in the bone. There were also slight bruises about the left shoulder and back. The place where blood was found and where the train had stopped was about 480 yards west of the trestle, and the track from the direction in which the train was coming was straight for over seven hundred yards, giving an unobstructed view for that distance. There was no testimony from eyewitnesses in the case.

Appellee seeks to take advantage of a statement of counsel for appellant in the opening of the case as an admission that Mr. Bunch was seen by the train operatives. The statement was as follows: "That the defendant was not liable for the reason that when he was seen the whistle was sounded and the bell was rung to warn him, and when he seemed to pay no attention to that the engineer promptly shut off steam, applied the brakes and used every means to avoid injuring the deceased." If this statement be taken as evidence, it exculpates the defendant. But counsel seek to accept only so much, "that deceased was seen on the track," and to draw from that, in connection with the circumstances in evidence, that he was seen in time to have avoided injury to him. This is wholly untenable. Statements of counsel may bind their clients in appropriate cases. But parts of a statement can not be detached and used as a declaration against interest when the entire statement would exculpate the client.

The case then resolves itself into this: Mr. Bunch was seen going in the direction of the railroad track. He was found fatally injured by the train after it had given several sharp warning blasts and come to a quick stop. And there are no other facts in evidence tending to fix liability. These facts are insufficient. It was settled in *St. Louis & S. F. Ry. Co.* v. *Townsend*, 69 Ark. 380, that the burden of proof is upon plain-

tiff, where it is shown that the plaintiff was guilty of contributory negligence in being upon the track, to show that the defendant's employees discovered plaintiff upon the track in time to avoid injuring him. Mr. Bunch was at least a technical trespasser upon the track. However excusable his purpose may· have been, yet his legal status can not be changed by the fact that he had a good reason for being upon the track. *St. Louis S. W. Ry. Co.* v. *Bryant*, 81 Ark. 368. This train approached him for more than seven hundred yards in plain view. He was shown to be a man in full possession of his faculties and of good hearing. This statement of the law by the Supreme Court of the United States in *Railroad Co.* v. *Houston*, 95 U. S. 697, has been adopted by this court: "Had she used her senses, she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly upon the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others." See *St. Louis, I. M. & S. Ry. Co.* v. *Johnson*, 74 Ark. 372.

Unquestionably, Mr. Bunch was a trespasser, and guilty of contributory negligence. The burden was thus cast upon plaintiff to show by a preponderance of the evidence that the employees in charge of the train saw Mr. Bunch in time to have avoided injuring him, and negligently failed to use the proper means to avoid injuring him after discovering his peril. This subject has recently been fully discussed by this court, in the cases of *St. Louis, I. M. & S. Ry. Co.* v. *Evans*, 74 Ark. 407, and in *St. Louis, I. M. & S. Ry. Co.* v. *Hill*, 74 Ark. 478.

There is a total dearth of evidence of discovering Mr. Bunch upon the track or of discovering his peril or, in fact, that Mr. Bunch was upon the track at any time before he was struck.

Applying the settled principles governing such cases, plaintiff has wholly failed to make out a cause of action, and the court erred in permitting the case to go to the jury.

Reversed and remanded.