St. Louis, Iron Mountain & Southern Railway Company

*v.* Raines.

Opinion delivered May 18, 1908.

Railroad—Killing of Trespasser on Track—Burden of Proof.—In a suit to recover damages from a railroad company for killing plaintiff's intestate while lying on defendant's track, the question is not whether

defendant's servants could have discovered intestate's peril, but whether they did discover it in time to have avoided the injury by the exercise of care; and the burden is on the party alleging negligence in this respect to prove it.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. The burden was on appellee to show that Raines was alive when struck. The engineer's evidence and the circumstantial evidence of an experiment or demonstration were inadmissible and prejudicial. Where a trespasser is on the track, the inquiry is, not what the trainmen might have done, but what they did. 69 Ark. 382; 76 *Id.* 10; 77 *Id.* 401; 82 *Id.* 522; *Ib.* 267; 83 *Id.* 300.

2. There was error in the court's charge as to the measure of damages. 69 Ark. 382.

*John C. Ross* and *Henry B. Means,* for appellee.

1. There is evidence to show that the trainmen discovered Raines's peril in time to have avoided the injury.

2. The English courts hold that cross-examination of a witness may extend to all matters material to the case. The American doctrine is *contra,* and confines it to matters gone into on examination in chief. McKelvey on Ev., p. 334.

2. The experiment or demonstration testimony was admissible. 97 S. W. 1067, 1070.

3. The engineer had no right to indulge the presumption that Raines would get off the track. 46 Ark. 523; 25 Mich. 279; 36 Ark. 46; *Id.* 376.

4. The railroad is liable if the injury could have been avoided by the exercise of ordinary care. 89 Ky. 407; 86 Ala. 164; 37 N. Y. 360; 119 N. C. 751; 108 Me. 18; 36 Md. 366; 84 S. W. 1; 97 *Id.* 1067; 36 Ark. 42, 371; 46 *Id.* 513; 48 *Id.* 106; 49 *Id.* 257; 61 *Id.* 341; 65 *Id.* 429; 74 *Id.* 407.

*T. M. Mehaffy* and *J. E. Williams,* in reply.

The American rule as to cross-examination of witnesses is sustained by a bare majority of the courts in the United States. The English rule is sustained by nearly half of the American States, many of them of high standing. But it is clear, under

either rule, the procedure in this case was highly prejudicial. 7 Neb. 385; 9 So Dak. 301; 133 Cal. 285; 74 Vt. 331; 73 Conn. 743; 115 Iowa, 48; 92 Md. 483; 26 Ind. App. 307; 53 Atl. 720; 52 Conn. 818; 43 W. Va. 196; 175 Pa. St. 361; 25 Wash. 518; 33 Mich. 319; 124 Cal. 452; 97 Ala. 187; 91 Fed. 614; 206 Pa. St. 135.

2. The railway company was not liable unless deceased was wantonly injured after discovery of his peril. 1 Arizona, 139; 47 Ark. 497; 102 S. W. 103. For further authorities on the American rule, see 70 Ark. 420; 56 *Id.* 550; 11 Pick. 269; 2 Wend. 166; 19 Ga. 285; 26 Mich. 432; 10 *Id.* 460; 37 Ill. 465; 89 Ala. 563; 94 Mich. 343; 69 Fed. 808; 83 Md. 536; 142 U. S. 488; 110 *Id.* 47; 14 Cal. 19.

McCulloch, J. Plaintiff's intestate was run over and killed by defendant's train, and she sues to recover damages on account of it. Deceased was lying on the track at a cattle guard —his body being between and nearly parallel with the rails. Whether he was dead or asleep or intoxicated the evidence does not disclose, as no one saw him move. No one was present at the time of the accident, and no eye-witness undertook to relate the circumstances except the engineer. The cattle guard where the body was lying was about half a mile of Gifford, a station on the road where the train had stopped. There was a curve in the track about 175 or 200 yards distant from the cattle guard. It was a passenger train with four coaches including the baggage coach.

The engineer testified that the train was running at the usual speed when he discovered an object on the track between one hundred and two hundred yards ahead—he said that he only estimated the distance from recollection, and could not be accurate—which he first thought was a newspaper, but a moment later he saw that it was probably some animate object, and that he blew the whistle and put on brakes, attempting to stop the train as soon as possible. The engine struck the man and ran the full length of the train before it stopped.

The law of the case is well settled by repeated decisions of this court. Deceased was a trespasser, and the servants of the railway company owed him no duty except to exercise ordinary care, after discovering his perilous position, not to injure him.

The question is not whether defendant's servants could have discovered the perilous position of the man, but whether they did discover it in time to have avoided the injury by the exercise of care. And the burden is on the party alleging negligence in this respect to prove it. *Chicago, R. I. & P. Ry. Co.* v. *Bunch,* 82 Ark. 522; *St. Louis & S. F. Ry. Co.* v. *Townsend,* 69 Ark. 380.

The testimony in this case fails to show that the man was discovered on the track by the engineer in time to avoid the injury. At most, it only shows that he could have been discovered by the exercise of proper care. The engineer testified that he sounded the whistle about the time he saw that the object ahead was probably a man, and plaintiff attempted to show by another witness the position of the engine far enough away from the cattle guard to enable the engineer to stop it; but the witness testified that he was inside his house and could not see the engine or train, and he only guessed at the location of the engine from the sound of the whistle. It was impossible for him to have located the engine with any degree of accuracy in that way. His estimate of the location of the engine was pure guess work, as he could not know for a certainty whether the engine was fifty or a hundred or two hundred yards from the cattle guard when the whistle was sounded. He said he "supposed" it to be at a certain point. This testimony is too vague to rest a finding of negligence upon, in the face of the positive testimony of the engineer to the effect that he adopted every effort to stop the train as soon as he saw the man lying on the track.

Reversed and remanded for new trial.