LITTLE ROCK & MONROE RAILWAY COMPANY v. RUSSELL.

Opinion delivered November 23, 1908.

1. RAILROADS—DUTY TO TRESPASSER ON TRACK.—Trainmen owe to a trespasser on the track no duty except to exercise ordinary care, after discovering his perilous position, not to injure him. (Page 175.)

2. APPEAL AND ERROR—INVITED ERROR.—Appellant cannot complain of an error in instructions asked by his opponent if the same error was repeated in instructions asked by himself. (Page 175.)

3. RAILROADS—NEGLIGENCE—ABSTRACT INSTRUCTION.—Where the testimony of the plaintiff in a suit against a railroad company for personal injury

showed that he was walking along a foot path near the railway track out of danger of passing trains until he started across the track at a crossing, and that as soon as he stepped upon the track some one called to him to look out, and that before he had time to jump aside the train struck him, it was error to instruct the jury to find for the plaintiff if the trainmen saw his danger in time to stop the train after it appeared that plaintiff was in danger and from all appearances would not see or hear the train in time to avoid injury. (Page 176.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

The sixth instruction is erroneous in that it places upon the appellant a degree of care which the law does not require in cases of trespassers; erroneous also in suggesting to the jury that appellee may have had the appearance of not seeing or hearing the train in time to avoid the injury, whereas there is no evidence whatever on which to base such suggestion or instruction. No duty is owing to a trespasser on railroad right of way except ordinary care *after* discovering the trespasser's peril, and it is equally well settled that the negligence of a trespasser offsets the negligence of trainmen in failing to keep a lookout. 61 Ark. 558; 65 Ark. 359; 82 Ark. 522; 76 Ark. 224; 78 Ark. 60, 61; 36 Ark. 371; 40 Ark. 250; 47 Ark. 497; 49 Ark. 257; 50 Ark. 483; 64 Ark. 364; 66 Ark. 494; 76 Ark. 10; 77 Ark. 401; 67 Ark. 235; 65 Ark. 233; 69 Ark. 382; 82 Ark. 267; 83 Ark. 300.

*W. E. Patterson,* for appellee.

The sixth instruction is right. The evidence clearly shows that appellee not only had the appearance of not seeing and hearing the train in time to avoid the injury, but that he did *not* see it in time, and that the track was level, open and straight, that plaintiff was seen on the track, and that with the least degree of care the train operatives could have seen him, if they did not, in time to have avoided the injury. 85 Ark. 326; 23 Am. & Eng. Enc. of L. 742; 62 Ark. 253; 36 Ark. 374.

HART, J. D. Gill Russell brought this suit in the Union Circuit Court against Little Rock & Monroe Railway Company to recover damages which he alleges he sustained by reason of the defendant negligently backing its train over him while he

was crossing its railroad tracks at a public crossing in Huttig, Arkansas.

The defendant answered, denying the material allegations of the complaint, and alleged contributory negligence on the part of the plaintiff.

Russell, the plaintiff, testified substantially as follows: "I am sixty-six years old and live at Felsenthal, Union County, Arkansas. I am an attorney at law. On the 28th day of August, 1906, I was at Huttig in said county, and, desiring to go to Farmerville, I went to the depot for the purpose of taking one of defendant's trains to that place. While at the depot, the Monroe train came in, going north. I got tired of waiting for my train, and crossed over to the east side of the main track, intending to go to a neighbor's to borrow a horse to ride to Farmerville. I walked south on a toe path along the side of the main track towards a public crossing. When I got near the crossing, I turned around to see if the track was clear. I looked north and south, and did not see anything to interfere. The south bound train was late. I knew that the rules and regulations of the Railway Company prescribed that trains on schedule time had the right of way, and also that northbound trains had the right of way over southbound trains. When I looked back, the northbound train was on the main track in front of the depot and was standing still. I walked leisurely along to the road crossing which was about twenty-five steps distant. The public crossing was about seventy-five or one hundred yards from the depot. When I got there, without looking back, I started across the track. As soon as I stepped on the track, some one hallooed: 'Lookout!' I looked up, and did not have time to jump to either side. I threw up my hands as the train carried me under. There was a man on the back end of the platform, but he looked like he did not know what to do. The train was backing rapidly, and wasn't making any noise. The train crew did not give me any warning, and if they had rung the bell or blown the whistle I would have heard it. I had a piece of cotton in my ear, but it was placed there loosely, and did not interfere with my hearing. I did not know of the approach of the train until the boy hallooed: 'Lookout!' after I had stepped upon the railroad track. I was walking along the east side of the track because the path

on the west side is too near the rails. My injuries were severe and are permanent. The accident happened in daylight."

Other testimony was adduced by the plaintiff tending to corroborate his statement.

The defendant adduced evidence to establish its defense.

The defendant has appealed from a verdict and judgment in favor of the plaintiff.

Counsel for appellant base reversal upon the court giving, over their objection, the following instruction:

"6.  The court instructs the jury that if they could find from the testimony that plaintiff was walking on or down defendant's track when the backing train struck and injured him, but that if any of defendant's train crew operating said train saw or could have seen plaintiff's danger in time to apprise him of it, or in time to stop the train after it appeared that plaintiff was in such danger, and that from all appearance (he) would not see or hear the train in time to avoid injury, and such trainmen failed to warn plaintiff or to stop the said train, although they may further find that plaintiff was at the time a trespasser on said track, they will find for the plaintiff."

This instruction was erroneous in telling the jury that if any of appellant's train crew could have seen appellee's danger in time to apprise him of it and failed to warn him, they should find for appellee, although they might further find that he was at the time a trespasser. It has been repeatedly held by this court that the servants of a railroad company owe a trespasser no duty, except to exercise ordinary care, after discovering his perilous position, not to injure him. *St. Louis, I. M. & S. Ry. Co.* v. *Raines,* 86 Ark. 306; *St. Louis, I. M. & S. Ry. Co.* v. *Evans,* 87 Ark. 628; *Adams* v. *St. Louis, I. M. & S. Ry. Co.,* 83 Ark. 300, and cases cited; *Chicago, R. I. & Pac. Ry. Co.* v. *Bunch,* 82 Ark. 522.

But appellant has waived this error because the instruction given to the jury at the request of its counsel contained the same error.  "Appellant can not complain of an error in instructions asked by his opponent if the same error was repeated in instructions asked by himself."  *Choctaw, Okla. & Gulf Rd. Co.* v. *Hickey,* 81 Ark. 579; *Klein* v. *German Nat. Bank,* 69 Ark. 140; *St. Louis, I. M. & S. Ry. Co.* v. *Baker,* 67 Ark. 532; *Railway*

*Co.* v. *Dodd,* 59 Ark. 317. The same error was repeated in other instructions given at the instance of the appellee, but it was invited error as declared in the above decisions for the reason that appellant asked instructions substantially to the same effect on the same point.

The instruction is also erroneous in regard to the appearance of appellee, which is contained in the following clause: "and that from all appearance (he) would not see or hear the train in time to avoid injury." There was no testimony upon which to base this part of the instruction. Appellee's own testimony shows that he was walking along a foot path by the side of the track out of all danger of passing trains until the very moment he started across the track at the public road crossing. That as soon as he stepped upon the track some one cried "Lookout!" and that before he had time even to jump aside the train struck him. There was nothing to indicate that he intended to cross the track until he changed his course and stepped upon it. He was in full possession of all his faculties, and there was nothing to indicate that any infirmity prevented him from seeing the approaching train. He bases his right to recover solely on the fact that he was crossing the track at a road crossing, and that appellant negligently backed its train upon him. He seeks to avoid the general rule that it is negligence as a matter of law for one approaching a railroad crossing to fail to look and listen for the approach of trains by bringing himself within the exception to the rule announced in the cases of *Tiffin* v. *St. Louis, I. M. & S. Ry. Co.,* 78 Ark. 55, and *Scott* v. *St. Louis, I. M. & S. Ry. Co.,* 79 Ark. 144. He adduced evidence tending to show that the circumstances were so unusual that he could not reasonably have expected the approach of a train at the time he went upon the track. This proposition was sharply contested by the railroad company, which adduced evidence strongly tending to show that there were no unusual circumstances. This was the real issue in the case. That part of the instruction above quoted as to the appearance of the appellee directs the minds of the jury to an issue not in the case, was calculated to divert them from the real issue, and was misleading and prejudicial. As was aptly said in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Woodward,* 70 Ark. 441, "under the circumstances, it can not be determined

whether the jury based their verdict upon the proper instructions given in the case or upon the erroneous instruction. The instructions, especially in a case like this where every issue is sharply controverted by the evidence, should be direct and to the point, and not at all misleading as to the real issues involved; otherwise there can be no fair trial."

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Denty,* 63 Ark. 177, it was also held that the giving of an instruction not applicable to any issue raised in the case, and with no evidence upon which to base it, and which from the attendant circumstances was likely to mislead the jury, was prejudicial error.

Counsel for appellant insists that there is not sufficient testimony to support the verdict, but a majority of the court think that the existing circumstances were sufficient to bring the case within the exceptions to the general rule as declared in the Scott and Tiffin cases *supra,* and that, under the circumstances presented by the record, it was for the jury to determine whether the appellee exercised the care the law requires. The case, therefore, will not be dismissed, but for the error indicated in the opinion in regard to the appearance of appellee at the time he was hurt the judgment must be reversed, and the cause remanded for a new trial.