CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* SMITH.

Opinion delivered April 18, 1910.

1.  RAILROADS—WALKING ON TRACK—CONTRIBUTORY NEGLIGENCE.—As a general rule, it is negligence for one walking along a railroad track to fail to look and listen for the approach of trains, and it is only in exceptional cases that it is proper to submit to the jury the question whether or not the failure to exercise such caution is negligence. (Page 526.)

2.  APPEAL AND ERROR—INVITED ERROR.—Appellant cannot complain of an error in instructions asked by his opponent if the same error was repeated in instructions asked by himself. (Page 528.)

3.  RAILROADS—DUTY OF PEDESTRIAN TO EXERCISE CARE.—It is the duty of a person crossing or travelling along a railroad track to listen and keep a lookout for approaching trains, and, where under the circumstances it can be reasonably done, to keep such lookout in both directions, and he should continue to keep such lookout in a reasonable manner until he is out of danger. (Page 528.)

4.  SAME—LIABILITY TO PERSON NEGLIGENTLY ON TRACK.—Where a person injured on a railroad track was guilty of contributory negligence in failing to keep a lookout, the liability of the railroad company can arise only from a failure to use ordinary care after discovery of his perilous situation. (Page 529.)

5.  PLEADINGS—NEGLIGENCE.—In a suit alleging an injury caused by another's negligence it is not sufficient to allege conclusions of law, but the facts constituting the alleged negligence should be set out with reasonable certainty. (Page 529.)

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*T. S. Buzbee* and *John T. Hicks,* for appellant.

The court should have instructed the jury find for appellant. 54 Ark. 431; 56 Ark. 457; 61 Ark. 549; 62 Ark. 157; 65

Ark. 235; 78 Ark. 55; 88 Ark. 172; *Id.* 231; 37 Ark. 593; 71 Ark. 38. It is the duty of one approaching a railroad track to look both ways for trains. 69 Ark. 134.

*Henry Berger* and *Mehaffy & Williams,* for appellee.

The evidence was sufficient to warrant a recovery. 74 Ark. 409; *Id.* 478. Appellant did not use proper care to avoid the injury after discovering the deceased. 80 Ark. 186. A general objection to several instructions in gross is not sufficient if any one of them is good. 76 Ark. 41; 75 Ark. 181; 73 Ark. 315; 78 Ark. 100; 79 Ark. 339; 65 Ark. 255; 80 Ark. 535; 81 Ark. 191; 82 Ark. 388; 85 Ark. 130; 86 Ark. 104. Licensees are not trespassers. 85 Ark. 333; 86 Ark. 185; 89 Ark. 103; 74 Ark. 610; 64 Ill. App. 623; 74 Fed. 285; 38 Atl. 236; 27 S. E. 20; 39 L. R. A. 399; 72 N. W. 783; 118 S. W. 201.

FRAUENTHAL, J. On April 30, 1909, about 6 o'clock P. M., Isaac Smith was run over and killed by a train of the Chicago, Rock Island & Pacific Railway Company upon its main track at its depot in the city of Malvern. The appellee instituted this action to recover damages for his alleged negligent death, and recovered a judgment for five hundred dollars. The defendant prosecutes this appeal from that judgment.

Upon the opposite side of the railroad track from the depot a public street runs next to and parallel with the track. Isaac Smith crossed over this street to the main track of the railroad, and stepped upon the ties next the rails at a point nearly opposite the depot. He then walked upon the ties next to and outside of the rails for a distance of from 120 to 150 feet, and then attempted to cross over the track when a train of defendant, coming from back of him, ran over and killed him. The evidence on the part of the plaintiff tended to prove that the public had for some time been accustomed to use the railroad track at this place as a foot walk, and at the place where Smith attempted to cross the track the public had for some time been using the same as a public crossing. Just before Smith crossed to the railroad track, the defendant had been and was engaged in switching its cars along this track; and about the time he stepped upon the ties its engine was backing towards the depot with four cars attached at its front. About that time the engine with the cars attached was emerging from a curve in the track

which, one of the witnesses said, was about from 400 to 500 yards from the depot, but which the other witnesses say was from 400 to 500 feet therefrom. There is no testimony indicating whether or not Smith looked or listened when he crossed the street and stepped upon the ties, but the uncontradicted testimony is that he walked along the track upon the ties with his head down, and that he did not turn or look around; and that he did not turn or look in the direction from which the train was coming when he attempted to cross the track. The evidence shows that the track was straight back to said curve, and no obstruction was between it and the depot; that it was broad daylight, and that the train could have been seen if Smith had looked in the direction from which it was coming. The deceased was somewhat deaf and about 65 years old. The evidence on the part of the plaintiff tended further to show that when the train emerged from the curve the fireman was sitting in the cab of the engine, and was looking down the track in the direction of Smith, and continued to look in that direction from that time until the train ran over him; that no bell was rung or whistle blown, and that the train did not slacken its speed from the time it left the curve until just as it struck Smith; and that during all that time Smith was walking with his back to the train and seemingly unaware of its approach.

At the request of the plaintiff the court instructed the jury, in effect, that if the deceased was walking along a portion of the railroad track which had been and was commonly and habitually used by the public as a highway for travellers on foot with the knowledge and acquiescence of the defendant, and did not discover the approach of the train, and that the defendant, by failing to keep a lookout, or by failing to ring the bell or blow the whistle, or by failure to use ordinary care after discovering deceased to avoid injuring him, did negligently run over and kill the deceased, then the plaintiff was entitled to recover.

It is urged by counsel for defendant that the uncontroverted testimony shows that the deceased was guilty of contributory negligence, and that therefore the instruction to the above effect was erroneous; and we think that ordinarily under the evidence adduced in this case this contention is correct.

It has been uniformly held by this court that, with a few exceptions which cannot apply to the uncontroverted testimony in this case, it is the duty of a person going on or near a railroad track to use ordinary care and precaution to protect himself from danger; and to use that ordinary care and precaution the law demands that he must look and listen. This rule applies whether such person is rightly there by the express or implied invitation of the railroad company, or otherwise. It applies when the traveller approaches a railroad track at a public crossing, and when as a licensee he walks along or upon the railroad track. In the case of *Tiffin* v. *St. Louis, I. M. & S. Ry. Co.,* 78 Ark. 55, this court says: "It has been repeatedly held by this court that it is negligence for one approaching a railroad crossing to fail to look and listen for the approach of trains, and that only in exceptional cases is it proper to submit to the jury the question whether or not the failure to exercise such caution is negligence." And in that case the exceptional instances are set out and discussed. The case at bar is not one of those exceptional instances, because, if the deceased had looked either as he walked along the ties or as he attempted to cross the track, he could have seen the approaching train, and the circumstances were not so unusual that he could not have reasonably expected the approach of a train at that time; and he was not misled or induced by any act of defendant's agents or employees to cross the track. Nor will the failure on the part of the employees of the railroad company to keep a lookout, as required by the act of April 8, 1891, absolve the injured person from the effect of his contributory negligence.

As was said in the case of *St. Louis S. W. Ry. Co.* v. *Cochran,* 77 Ark. 398: "The true rule, which no amount of amplification can simplify, is that whenever the negligence of the plaintiff contributes proximately to cause the injury of which he complains, the defendant is not liable, unless the defendant discovered the peril in time to avoid the injury by the use of ordinary care." *Johnson* v. *Stewart,* 62 Ark. 164; *St. Louis, I. M. & S. Ry. Co.* v. *Leathers,* 62 Ark. 235; *St. Louis, I. M. & S. Ry. Co.* v. *Dingman,* 62 Ark. 245; *St. Louis, I. M. & S. Ry. Co.* v. *Jordan,* 65 Ark. 429.

So much of the instruction, therefore, which at the request
of the plaintiff submitted to the jury the question as to whether
or not the deceased was guilty of contributory negligence in
failing to look and listen, or to discover the approach of the
train, when he was walking along the ties next to the track, or
when he attempted to cross the track, was erroneous under the
uncontroverted testimony adduced in this case. We think, how-
ever, that the defendant waived that particular error by re-
questing an instruction containing the same error. By such action
it invited the error. "Appellant cannot complain of an error
in instructions asked by his opponent if the same error was re-
peated in instructions asked by himself." *Choctaw, O. & G.
Rd. Co.* v. *Hickey,* 81 Ark. 579; *Railway Co.* v. *Dodd,* 59
Ark. 317; *St. Louis, I. M. & S. Ry. Co.* v. *Baker,* 67 Ark. 531;
*Little Rock & M. Ry. Co.* v. *Russell,* 88 Ark. 172; *St. Louis,
I. M. & S. Ry. Co.* v. *Carter,* 93 Ark. 589.

But the defendant requested the court to instruct the jury
in effect that the deceased was guilty of contributory negligence
if, when approaching the railroad track and when walking
down the ties and attempting to cross the track, he failed to look
in both directions for the approach of a train. The defendant
did not waive the right to ask instructions to that effect. The
court refused to give the instructions so requested; and we
think the court erred in its refusal so to do. It is the duty of a
person crossing or traveling along a railroad track to listen and
keep a lookout for approaching trains, and, where under the
circumstances it can be reasonably done, to keep such lookout
in both directions; and he should continue to keep such look-
out in a reasonable manner until he is out of danger. In the
case of *St. Louis & San Francisco Rd. Co.* v. *Crabtree,* 69 Ark.
134; this court, speaking through Mr. Justice RIDDICK, said:
"When the circuit judge was asked to make the law clear to the
jury on this point by telling them that one approaching a rail-
road track should 'look up and down the track so long as he
approaches,' we think he should have done so." In the case
of *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 64 Ark. 364, we said:
"There is no escaping the conclusion that a man of ordinary
prudence, under the circumstances surrounding appellee, either
would not have gone upon these tracks in the first instance, or,

having done so, would have looked both up and down the track for approaching trains before walking for a distance of thirty or forty yards directly upon one of the tracks." *Railway Co.* v. *Cullen,* 54 Ark. 431; *Railway Co.* v. *Tippett,* 56 Ark. 457; *S. Louis, I. M. & S. Ry Co.* v. *Martin,* 61 Ark. 549; *Little Rock & F. S. Ry. Co.* v. *Blewitt,* 65 Ark. 235. But, notwithstanding the deceased under the testimony in this case was guilty of contributory negligence, the defendant would still be liable for his injury if it discovered his peril in time to have avoided the injury by the use of ordinary care. The mere failure to make the discovery of the deceased's perilous situation would not make the defendant liable although such failure arose from the negligence of the defendants' employees. Where the person injured has thus been guilty of contributory negligence, the liability of the defendant only arises from a failure to use ordinary care after the discovery of his perilous situation. *Johnson* v. *Stewart, supra; St. Louis, I. M. & S. Ry. Co.* v. *Raines,* 86 Ark. 306; *St. Louis, I. M. & S. Ry. Co.* v. *Evans,* 87 Ark. 628; *Little Rock & M. Ry. Co.* v. *Russell, supra; St. Louis S. W. Ry. Co.* v. *Thompson,* 89 Ark. 496; *Garrison* v. *St. Louis, I. M. & S. Ry. Co.,* 92 Ark. 437.

Inasmuch as this cause must be remanded for a new trial, we have thus announced the principles which we think are applicable to the facts adduced in evidence upon the trial of the case. We do not think that it is necessary to point out each instruction and the portion thereof which we think the court erred in giving or refusing to give. Upon the second trial the instructions we believe can readily be made to conform to the above principles.

Nor do we think that it is necessary to pass upon the question of the refusal of the court to require the plaintiff to make his complaint more definite and certain in its allegations of the facts constituting negligence. The former trial of this case sufficiently advised the defendant of the facts upon which the plaintiff relies to show the negligence of the defendant in causing the injury. The rules of pleading apply to actions for negligence. It is not sufficient to simply allege conclusions of law. The statement of the facts constituting the alleged negligence should be set out with reasonable certainty. In this case, should

the motion be renewed to make the complaint more definite and certain in its allegations of the acts of negligence, this should be done.

For the errors indicated above the judgment is reversed, and the cause remanded for a new trial.