St. Louis, Iron Mountain & Southern Railway Company
v. Tucka.

Opinion delivered May 23, 1910.

1. Negligence—contributory negligence.—No railway company nor any other person can be held liable in an action at law for an injury caused by negligence when the plaintiff in such action by his own negligence has contributed to the injury, unless it was a willful injury or one resulting from the want of ordinary care on the part of such company or person to avert it after plaintiff's negligence had been discovered. (Page 192.)

2. Railroads—lookout statute—contributory negligence.—The "lookout statute" of April 8, 1891, making it the duty of all persons operating trains to keep a constant lookout for persons and property upon the track, does not relieve any one of the duty to exercise

care to avoid danger, nor deprive persons operating trains of the defense of contributory negligence. (Page 192.)

3. SAME—LICENSE TO USE TRACK AS PATHWAY.—The fact that deceased any many others had for many years used the part of the railway track upon which he was killed as a pathway did not confer upon him any greater rights than those of a mere licensee, nor exonerate him from the duty to exercise due care. (Page 194.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Lovick P. Miles* and *Thomas B. Pryor,* for appellant.

The deceased had no right to thus interfere with the use of the railway track by the company. 63 Ark. 65. To bare licensees railway companies owe no affirmative duty or care. 90 Ark. 285. Deceased was guilty of negligence in not using care to avoid danger. 100 Tex. 63; 72 Ill. 222; 115 S. W. 1163; 20 L. R. A. (U. S.) 432; 83 Ark. 301; 95 U. S. 695; 82 Ark. 525. Failure of the trainmen to discover the peril of the footman does not make the railway company liable if the footman was also guilty of negligence contributing to the injury. 77 Ark. 404. It is error to submit to the jury questions upon which there is no evidence. 88 Ark. 26; 88 Ark. 458.

*Robert A. Rowe* and *Rowe & Rowe,* for appellee.

The jury was not bound, in face of the great weight of the testimony against him, to accept the conductor's statement that he did not discover deceased in time to have avoided injuring him. 74 Ark. 483. On approaching a crossing the trainmen should give a signal. Kirby's Dig., § 6595; 53 Ark. 231. They are liable for all damages caused by their failure to do so. 65 Ga. 631; 35 A. & E. R. Cas. 447; 66 Ill. 494; 55 Mo. 33; 5 Heisk. 262; 9 Heisk. 860. The killing having been proved, the presumption of negligence arises on the part of trainmen. 33 Ark. 816; 36 Ark. 87; *Id.* 451; 30 Ark. 413; 78 Mo. 578; 82 Mo. 90; 58 Mo. 503; 33 Ill. 304; 20 Kan. 9; 42 Ark. 122; 37 Ark. 593; 19 A. & Eng. R. Cas. 506; 13 *Id.* 499. A verdict will not be disturbed if there is any evidence to sustain it. 25 Ark. 474; 31 Ark. 163; 22 Ark. 213; 17 Ark. 498; 17 Ark. 385; 14 Ark. 21; 74 Ark. 478; 76 Ark. 115. If there is any evidence tending to establish an issue, it is error to take it from the jury. 63 Ark. 84; 77 Ark. 556. Railway

companies are charged with a high degree of care for the safety of travelers. 73 Ark. 413. Where a railway licenses the public to use its track as a footway, it cannot afterwards treat a person thus using it as a trespasser. 112 Ind. 250; 14 N. E. 70; 9 Kan. 620; 88 N. Y. 620; 79 Pa. 33; 91 Ky. 434; 84 Ia. 71; 50 N. W. 673. It is the duty of the company to keep a lookout when its engine is in motion. 105 N. C. 180; 10 So. 988; 67 Tex. 473; 3 S. W. 705; 74 Wis. 239; 42 N. W. 237; 46 Ill. App. 255.

Battle, J. During the night of July 12, 1908, the dead body of Frank Tucka was discovered on the railway track of the St. Louis, Iron Mountain & Southern Railway Company. Further than stated, the cause of his death is unknown. Mary Tucka, as his administratrix, brought this action against the railway company, and recovered judgment and the defendant appealed.

He was upon the track at the time he was killed. The distance he was at this time on the track in advance of the train killing him before it struck him, or when or how he came upon the track, is not shown. He was a strong, healthy man, in full possession of his hearing and sight, at the time he was killed. He was evidently guilty of contributory negligence in being so situated at that time.

It has often been held by this court "that no railway company nor any other person can be held liable in an action at law for an injury caused by negligence when the plaintiff in such action by his own negligence has contributed to the injury, unless it was a wilful injury, or one resulting from the want of ordinary care on the part of such company or person to avert it after the negligence of the plaintiff had been discovered." *St. Louis, I. M. & S. Ry. Co.* v. *Freeman,* 36 Ark. 46; *Little Rock & Fort Smith Ry. Co.* v. *Pankhurst,* 36 Ark. 371; *St. Louis, I. M. & S. Ry. Co.* v. *Ledbetter,* 45 Ark. 250; *Little Rock, M. R. & T. Ry. Co.* v. *Haynes,* 47 Ark. 497; *St. Louis, I. M. & S. Ry. Co.* v. *Monday,* 49 Ark. 257; *Barry* v. *Kansas City, F. S. & M. Rd. Co.,* 77 Ark. 401, 404; *Chicago, R. I. & P. Ry. Co.* v. *Bunch,* 82 Ark. 522, 525.

The act of April 8, 1891, "makes it the duty of all persons operating trains to keep a constant lookout for persons and property upon the track, and makes the company liable for all

damages resulting from the neglect to keep such lookout;" yet it does not relieve any one of the duty to exercise care to avoid danger, and the failure by one injured by a train to exercise it will defeat the recovery of consequent damages. *St. Louis, I. M. & S. Ry. Co.* v. *Leathers,* 62 Ark. 235; *St. Louis S. W. Ry. Co.* v. *Dingman,* 62 Ark. 245; *Burns* v. *St. Louis S. W. Ry. Co.,* 76 Ark. 10.

In *St. Louis & San Francisco Railway Co.* v. *Townsend,* 69 Ark. 380, 382, it is said: "The burden of proving the facts necessary to show that the deceased was killed on account of the negligence of the appellant and the damages suffered by them rested upon the appellees. When it was shown that he was killed by a train of appellant upon its track, the presumption was that his death was the result of the negligence of the railroad company. *Little Rock & Fort Smith Railway Co.* v. *Blewett,* 65 Ark. 253. While this fact was proved, the effect of it was avoided by showing that the deceased was lying upon the track of the railroad at the time of his death. *St. Louis, Iron Mountain & Southern Railway Company* v. *Leathers,* 62 Ark. 235. He was thereby shown to have been instrumental in causing his own death, and he would not have been killed if he had not been guilty of negligence. It was not incumbent upon the appellant to show that it did not discover his presence upon its track in time to avoid injuring him. By proving that the deceased was guilty of contributory negligence, it established a sufficient defense to bar recovery by the appellees, unless other facts were shown. [*Chicago, R. I. & P. Ry. Co.* v. *Smith,* 94 Ark. 524.] It was not necessary for it to prove additional facts to exonerate itself from liability until the effect of the contributory negligence was overcome. This being true, it is clear that the burden was upon the appellees to show that the appellant discovered the deceased upon the track in time to avoid injuring him, and wilfully and recklessly killed him, unless it was already shown by the evidence adduced by the appellant."

"To hold a railroad company liable for the killing of a person by the running of its trains, who was guilty of contributory negligence, it must appear, not merely that the trainmen might, by the use of ordinary care, have discovered his peril, but that they actually observed his peril in time to avoid the injury."

*Barry* v. *Kansas City, Ft. S. & M. Rd. Co.,* 77 Ark. 401 ; *Chicago, R. I. & P. Ry. Co.* v. *Bunch,* 82 Ark. 522, 525.

Appellee says it was proved that the deceased and many others had for many years used the part of the railway track upon which he was killed as a pathway, and had thereby acquired the rights of licensees thereon. But this did not exonerate him from the perils of his situation while upon the track. The railroad company owed him no affirmative duty of care. *Arkansas & Louisiana Ry. Co.* v. *Sain,* 90 Ark. 278, 285. His privileges upon the railway track were not as great as those of the public upon the crossing by a railway of a public highway. In that case the railway company has the right to operate its trains over its tracks, and the public has the right to the use of the crossing as a highway, and neither has the right to interfere with the proper use of it by the other. Any one upon it at the time a train has the right to pass over it is a wrongdoer ; and if he fails to use the proper precaution to protect himself and is injured, he is guilty of contributory negligence. *Sherman* v. *Chicago, R. I. & P. Ry. Co.,* 93 Ark. 24. So in this case the deceased had no right to interfere with the trains of the appellant upon its own track. He was there without invitation and at his own peril, and was guilty of contributory negligence. There was no evidence that the appellant discovered him in time to protect him against injury, and his administratrix has no right to recover damages.

Reversed and remanded for a new trial.